## No. 11,709.

People for the Use of Klug *v.* Corder, et al.

Decided September 19, 1927.

Action against sheriff for damages for levying on exempt property. Judgment of dismissal.

### *Reversed.*

1. EXEMPTIONS—*Farm Wagon—Value.* Limitation of $50 on exempt property in section 5915, C. L., par. 9, qualifies the words "other farming implements," and has no reference to what precedes them.

2. *Farm Wagon—Motor Vehicle.* "Farm wagon" as used in section 5915, C. L., par. 9, includes a farm wagon moved by mechanical, as well as one operated by animal, power.

3. PLEADING—*Demurrer—Facts.* Allegation in a complaint that a five-passenger Buick touring car is a farm wagon, is one of ultimate fact admitted by demurrer, and if traversed by answer is a question for the jury.

*Error to the District Court of Weld County, Hon. Claude C. Coffin, Judge.*

Mr. S. Harrison White, for plaintiff in error.

Mr. Walter E. Bliss, Mr. Frank J. Mannix, for defendants in error.

*En Banc.*

Mr. Justice Denison delivered the opinion of the court.

The court sustained a general demurrer to the complaint of the People ex rel. Klug, they stood by their complaint and bring error.

The action was for treble damages, under the statute, on account of a levy of execution by Corder, sheriff of

Weld county, on exempt property, i. e., a five-passenger Buick touring car, alleged in the complaint to be a farm wagon and to be in use to carry on Klug's farm business, and to be worth $1,200.

The statute (C. L. § 5915, par. 9) exempts from execution "one farm wagon. * * *"

The defendant in error claims that the farm wagon under said paragraph ninth cannot exceed $50 in value; the pertinent part of the statute is as follows: "The following property * * * shall be exempt from levy: * * * Ninth—One cow and calf, ten sheep, * * * one farm wagon, cart or dray, one plough, one harrow, and other farming implements, * * * not exceeding fifty dollars in value."

It seems clear to us that the clause "not exceeding $50 in value" qualifies the words "other farming implements" and has no reference to what precedes them; but if we say it refers also to "farm wagon" we must say that it refers to the plow or harrow, which would be absurd.

We agree with plaintiff in error that the word "farm wagon" ought to be regarded as including a farm wagon moved by mechanical as well as by animal power. *Stichter v. Bank* (Tex. Civ. App.) 258 S. W. 223, holds that a Ford truck is exempt as a "wagon" under the Texas statute, and we see no reason why such a vehicle might not be a farm wagon if used as such, and since the complaint alleges that the automobile in question was a farm wagon, we think that that allegation is of an ultimate fact which must be taken as admitted by the demurrer. If the defendants traverse it, it is a question for the jury.

The result is that we must reverse the judgment with directions to overrule the demurrer and proceed with the case.