No. 12,588.

PEOPLE FOR THE USE OF KLUG v. CORDER ET AL.
(15 P. [2d] 621)

Decided October 10, 1932.

Mr. S. HARRISON WHITE, for plaintiff in error.

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Klug instituted this action against the defendants Corder, sheriff of Weld county, Colorado, and the Maryland Casualty Company of Baltimore, as surety on the sheriff's official bond, to recover of them three times the value of a certain "farm wagon commonly known as an automobile" which the sheriff had seized under a writ of execution issued upon a judgment against Klug in favor of Corder. Upon the issues of fact raised by the pleadings in a trial by jury a verdict was returned for the defendants, upon which the court rendered judgment dismissing the action and plaintiff is here with this writ of error.

Section 5915, clause 9, p. 1566, C. L. 1921, provides that "one farm wagon, cart or dray" shall be exempt from levy and sale upon execution. There is no dispute as to the seizure and sale of the car by the sheriff. It is also undisputed that notice and claim of exemption of Klug and service thereof upon the sheriff were made seasonably and prior to the day fixed for sale. The only question for decision was, and is, whether the automobile in question was used by plaintiff as a farm wagon in the sense of the statute.

The case was once before this court on a question as to the sufficiency of the complaint, the trial court having sustained a demurrer thereto on the ground that it did not state a cause of action. The case is reported under

the title: *People for Use of Klug v. Corder*, 82 Colo. 318, 259 Pac. 613. We held the complaint good and remanded the cause for a new trial. The judgment below against plaintiff is here for review by this writ of error.

The plaintiff in error has filed an exhaustive and able brief upon the subject of exemption statutes similar to our own. We are in accord therewith as to the law of the case, as was the trial court. Our examination of the record, however, convinces us that no prejudicial error was committed by the trial court either in its rulings upon evidence or in its instructions to the jury. The jury found that under the evidence the automobile of the plaintiff, which he says is exempt from execution and attachment as a farm wagon, was not used as a farm wagon; therefore, not exempt. At the time that our exemption statute was enacted, as early as 1866, automobiles were unknown. In Huddy's Cyclopedia of Automobile Law (9th Ed.), p. 153, §20, it is said that an automobile is not a wagon within the meaning of statutes passed prior to the use of motor vehicles. Our examination of a number of cases cited in the briefs reveals that the question, whether or not an automobile is exempt from execution and attachment under a statute specifically exempting farm wagons, carts or drays, has been decided differently by different courts, a large number of which cases are collected and commented upon in Huddy's treatise.

We do not, however, find it necessary to determine that question here because the trial court in its instructions to the jury and its rulings throughout the trial, held with plaintiff that an automobile may be a farm wagon under our statute, and submitted to the jury by appropriate instructions the question as to whether or not the automobile taken by the sheriff, at the time of the seizure and when the claim of exemption was made, was used by the plaintiff as a farm wagon. The plaintiff testified that this automobile was so used, and it was the only one that he had upon his farm where he

says he was living with his family. Testimony, however, was elicited by the defendants which tended to show that the claim as made by the plaintiff was, if not an afterthought, at least that the automobile was not used as a farm wagon within the meaning of the exemption statute.

The alleged errors committed by the trial court at the trial in receiving and rejecting evidence are not tenable. Its rulings upon evidence were as favorable to the plaintiff as the law permits. Klug was permitted to produce all the evidence at his command which bore upon the use of this automobile as a farm wagon. The plaintiff's own testimony on cross-examination as to such use, and his schedules filed with the county assessor, tend to contradict his claim of exemption and may have been the reason for the finding by the jury that the use of this automobile was not what he claimed it to have been. We think the court was as lenient and as fair to the plaintiff as was possible in the light of the evidence submitted in his behalf. The jury evidently did not believe that the plaintiff's claim of exemption was in good faith or that it was of such a character as to show that the vehicle was used as an ordinary farm wagon is used.

The judgment must be, and it is, affirmed.

Mr. Chief Justice Adams and Mr. Justice Alter concur.