[No. 6104. Decided July 20, 1906.]

Sarah Slyfield, *Respondent, v.* John Willard *et al., Appellants.*[1]

Chattel Mortgages—Foreclosure—Insecurity. A loan is sufficiently insecure to warrant the commencement of an action, before maturity, to foreclose a chattel mortgage upon a leasehold and the furnishings of a lodging-house where the mortgagors were behind in their rent and about to be ejected by their landlord.

Alteration of Instruments—Burden of Proof. Upon the foreclosure of a mortgage, the burden of proving an affirmative defense to the effect that a waiver of exemptions had been inserted after execution is upon the defendant.

Appeal—Review—Findings—Presumptions. The failure to find upon a certain point in an equity case does not raise the presumption that the point was established, since no findings are necessary.

Exemptions—Waiver—Statutes—Validity. The territorial act (Bal. Code, § 5254), providing that a mortgagor may waive the benefit of all his exemptions, is repugnant to and annulled by Const., art. 19, providing that the legislature shall protect from sale a portion of the homestead and other property of all heads of families and making any such waiver in a mortgage void.

Appeal from a judgment of the superior court for King county, Frater, J., entered August 7, 1905, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on promissory notes and to foreclose a

[1]Reported in 86 Pac. 392.

chattel mortgage upon a leasehold, and the furnishings of a lodging house. Modified.

*Wm. C. Keith,* for appellants.

*Hastings & Stedman,* for respondent.

Root, J.—This action was commenced to recover upon a series of eight promissory notes, and to foreclose a chattel mortgage covering the lease and furniture of a lodging house. All of the notes were dated November 11, 1904, and were secured by said mortgage. One of them was for $50 and was made payable January 11, 1905. Six of them were for $150 each and payable respectively on May 11, June 11, July 11, Aug. 11, Sep. 11, and Oct. 11, 1905. One note was for $100 and payable Nov. 11, 1905. Suit was begun May 24, 1905. During the trial the plaintiff was permitted to amend her complaint by inserting the words "Plaintiff by reason of the foregoing elects to declare her said mortgage debt due and to foreclose her said mortgage, deeming herself insecure." This amendment followed certain allegations to the effect that defendants had failed to pay the rent for the leased premises for several months on account of which the landlord was about to eject them.

The appellants demurred to the complaint, and upon the demurrer being overruled, answered admitting part of the allegations, and pleading as a partial affirmative defense the statute of usury, alleging that the note of $50 was a bonus given for the loan of $1,000. The mortgage pleaded by plaintiff contained a provision to the effect that the mortgagors expressly waived the benefit of all exemptions as against the mortgage debt, and had duly acknowledged said waiver. Appellants admitted the execution of the notes and mortgage, but alleged affirmatively that the clause with reference to waiving exemptions had been inserted after delivery of the mortgage, and without their knowledge or consent. The trial court found that the $50 note was for a bonus and consequently usurious and gave defendants an offset on ac-

count thereof. Judgment was rendered in favor of respondent in the sum of $753, being the principal sum of $1,050 less double the amount of all interest and commission paid to plaintiff and the interest accrued. The judgment and decree recited that no exemptions were to be allowed defendants.

Appellants contend that the findings are not sufficient to justify the maintenance of the action at the time when it was instituted, for the reason that the court made no finding of insecurity, or of any facts from which insecurity could be inferred. We do not think that this contention can be upheld. Having in mind the nature of the property covered by the mortgage and the difficulties which these defendants were having with their landlord on account of which they were about to be ejected from the premises, we think sufficient is shown to justify plaintiff in regarding her loan insecure, and consequently to authorize her in commencing foreclosure proceedings.

Appellants also urge that that portion of the decree denying appellants the benefit of any exemptions is erroneous for the reason that the court made no finding as to there being anything in the mortgage justifying such a provision in the decree. Appellants, it must be remembered, admitted the execution of the mortgage, but alleged affirmatively that it was, subsequent to delivery, altered by the insertion of the exemption clause referred to. This being pleaded as a matter of affirmative defense, the burden of proving the same was upon the appellants. No findings being required in an equity case, and the court not having made a finding as to the exemption clause in their favor, it cannot be presumed that defendants' allegation was established.

Another question, however, is presented which goes to the validity of the waiver. Respondent relies upon that portion of § 5254 of Ballinger's Code (P. C., § 847), which says:

"This chapter shall not be so construed as to prevent any single man, or married man, his wife joining him, from waiving, by agreement in writing, the benefit of this chapter:

*Provided,* That any agreement of waiver made by a husband and wife shall be witnessed and acknowledged as required in case of a deed conveying real estate."

Appellants claim that the foregoing is superseded or nullified by article 19 of the state constitution, which reads as follows: "The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." Respondent invokes that portion of § 2 of art. 27, of the state constitution which reads:

"All laws now in force in the territory of Washington which are not repugnant to this constitution shall remain in force until they expire by their own limitation, or are altered or repealed by the legislature."

The question is therefore presented as to whether § 5254 of Ballinger's Code (enacted in territorial days) is repugnant to art. 19 of the constitution. In so far as it purports to justify an executory contract of the head of a family whereby he agrees to waive all of his exemptions, we think it is repugnant. The purposes of a constitutional provision or statute allowing exemptions are to prevent the weak from being overreached by the strong, to prevent pauperism, to guard the impecunious from their want of caution, to protect the families and other dependants of persons to whom exemptions are allowed, to guard the improvident and unfortunate against penury and want, and to save the state and the community from the burden and disagreeable consequences that experience has shown to be a natural result of laws subjecting all of the property of debtors to the demands of their creditors. If § 5254 had been enacted since the adoption of the constitution, we do not think it could be seriously contended that the portion in question would not be obnoxious to the constitutional provision mentioned. If so, it would seem that the adoption of the constitution must have had the effect of annulling that portion of said statute. It has been held that the statute permitting a husband and wife to mortgage the homestead was not in conflict with this section of the con-

stitution. But to allow them to make a binding executory contract to waive all of their exemptions would be, in our opinion, to place debtors at the mercy of their creditors and to defeat the humane purpose the people of this state had in mind when this constitutional provision was adopted. It is due to the trial court to state that it does not appear that this question was in any manner called to its attention. The case will be remanded to the honorable superior court with instructions to modify the judgment so as to accord appellants the same exemptions that would have been allowable had the said clause waiving exemptions not been in the mortgage. Costs of appeal to neither party.

MOUNT, C. J., CROW, HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.