[No. 14378. Department One. January 9, 1918.]

NICHOLAS CAMMARANO et al., Appellants, v. ROBERT LONGMIRE, as Sheriff of Pierce County, et al., Respondents.[1]

JUDGMENT—DEFAULT—VACATION—DISCRETION. It is discretionary to vacate a default judgment against a sheriff upon a showing made the day after entry of default and two days after the time had expired, that failure to appear was due to understanding that the real party in interest would enter an appearance for him.

EXEMPTIONS—CHATTEL MORTGAGE OF EXEMPT PROPERTY—VALIDITY. A chattel mortgage upon exempt property is not void, although the mortgagor afterwards attempts to claim his exemption.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 7, 1917, upon sustaining a demurrer to the complaint, dismissing an action for conversion. Affirmed.

H. G. Raettig, for appellants.

S. A. Gagliardi, for respondents.

FULLERTON, J.—The appellants executed to Florina Albino a chattel mortgage on all their household goods to secure their promissory note for $100. The note not having been paid at maturity, an action was instituted for the foreclosure of the mortgage. A judgment was rendered directing the foreclosure, and a special execution was issued to the sheriff authorizing him to sell the mortgaged goods to satisfy the judgment and costs in the foreclosure proceedings. Before the date set for sale, the appellant Nicholas Cammarano, as head of a family, filed an affidavit setting up that he was entitled to hold the property as exempt from execution. His claim was disregarded by the sheriff, and execution sale of the property was duly made. The appellants thereupon brought an action against the sheriff, the judgment plaintiff, and the sureties upon her indemnity bond to

[1]Reported in 169 Pac. 806.

the sheriff, for the recovery of damages. From a judgment for the respondents, this appeal is prosecuted.

The first contention of appellants is that the court erred in vacating the order of default entered against the respondent sheriff because of his failure to plead or enter his appearance within twenty days after the service of the summons. The twenty-day period expired on January 11, 1917, and a default was entered on January 12, 1917. On the day following the entry of the default, the sheriff moved for its vacation, showing by affidavit that his failure to appear was due to a misunderstanding, he having understood that the attorney for the real party in interest would enter an appearance for him. The sheriff was but the functionary of the law charged with the legal duty of executing the writ issued on the foreclosure judgment, and should not be held to answer personally for his conduct in that behalf, unless his acts were without authority of law. To vacate the default was within the sound discretion of the court, and we cannot think such discretion was here abused.

The appellants next contend that the court erred in sustaining a demurrer to their complaint and entering a judgment of dismissal. In support of this contention, the appellants rely upon the case of *Slyfield v. Willard*, 43 Wash. 179, 86 Pac. 392. It is argued that the case is authority for the rule that a chattel mortgage by the owner upon exempt property is void if the owner thereafter chooses to claim the exemption. The case as it is reported lends color to the claim, but its reading in the light of the record will show that the mortgagor purported by the terms of the mortgage to waive his exemptions as against the mortgage debt on property not included within the mortgage. The statute apparently authorizing such a waiver was held unconstitutional, but it was not held that the mortgage was void as to exempt property included within the description of the property mortgaged.

Nor is such a mortgage void. To deny the right to mortgage exempt property would be to deny its right of sale or other disposition. This is not the policy of the law. The constitutional provision referred to in the case of *Slyfield v. Willard* requires the legislature to protect to heads of families a certain portion of the homestead and other property from forced sales, not voluntary sales or sales made under a voluntary pledge.

The judgment of the lower court is without error and must be affirmed. It is so ordered.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.