[S. F. No. 10381. In Bank.—September 15, 1922.]

INDUSTRIAL LOAN AND INVESTMENT COMPANY OF SAN FRANCISCO (a Corporation), Petitioner, v. THE SUPERIOR COURT, etc., et al., Respondents.

[1] EXEMPTIONS—WAIVER—TIME.—A clause in a promissory note waiving all right of exemption as to the debt does not prevent the maker after judgment from claiming a salary exemption under subdivision 10 of section 690 of the Code of Civil Procedure, since a debtor cannot waive the privilege of claiming the exemption in advance of the time when it is necessary for him to do so.

APPLICATION for a Writ of Prohibition to prevent the superior court from ordering release of salary warrant as exempt from execution. Denied.

The facts are stated in the opinion of the court.

William Sea, Jr., for Petitioner.

Cameron H. King for Respondents.

SHAW, C. J.—The petitioner recovered a judgment in the superior court of the city and county of San Francisco against Cameron H. King for a certain sum of money. On the twenty-eighth day of August, 1922, he filed a transcript of said judgment and an affidavit of his attorney setting forth that money was due and unpaid thereon and that the transcript and affidavit were so filed for the purpose of holding up the salary of said King as an employee of the said city and county for payment by warrant of said auditor for the month of July, 1922, and applying the same

on said judgment; that said King threatens that he will make an affidavit to the judge claiming said salary, under section 690, subdivision 10, of the Code of Civil Procedure, as exempt from execution, and said judge threatens that if said affidavit is presented he will sign an order releasing the said salary warrant of said King for the month of August, 1922. Wherefore, he asks a writ of prohibition to prevent the judge from signing such an order.

[1] Petitioner avers that the defendant in signing the note upon which the judgment was founded waived the exemption laws by inserting the following clause in said note:

"The parties to this instrument, whether maker, indorser, surety or guarantor, each for himself, hereby severally waive as to this debt, or any renewal thereof all right of exemption under the constitution and laws of California or of any other state, as to personal property."

He claims that by virtue of this clause in the contract defendant has waived all exemption provided by the statute.

In making this claim he is relying on the decisions of this court in *Keybers* v. *McComber,* 67 Cal. 400 [7 Pac. 838]; *Borland* v. *O'Neal,* 22 Cal. 506, and *Stanton* v. *French,* 83 Cal. 194 [23 Pac. 355].

Each of these cases involve a claim made by the debtor, or someone in his behalf, at the very time of the levy. In each of them it is said that the exemption of property is a personal privilege which the debtor may waive, and that a failure to claim the exemption at the time it is levied on by the officers is a waiver of such privilege. But this rule does not apply to stipulations in an executory contract such as that sued on here. As to such cases the rule is that the debtor cannot waive the privilege of claiming the exemption in advance. This rule is based on the theory that exemption laws are made for the benefit of the debtor and his family and that it is against public policy for him to waive any benefits of the law in advance of the time when it is necessary for him to do so. If it were not for this rule, it is said, creditors would insist on inserting the clause waiving exemption laws in every executory contract. These would usually be made at a time when the debtor was in need of money, and would be enforcible at some time in the future when, perhaps, he or his family would require the exemption. By doing so he would waive practically

all the benefits of the exemption law. We approve of this doctrine and hold that such a waiver cannot be enforced. This rule has been followed by all the states except Pennsylvania. (See cases cited in note to paragraph 192, 25 Corpus Juris, page 111.)

The writ of prohibition is denied.

Lennon, J., Richards, J., *pro tem.*, Waste, J., and Wilbur, J., concurred.