## No. 11,580.

### WEAVER v. LYNCH.

#### Decided May 24, 1926.

Action on promissory note. Waiver of exemption held void.

### *Affirmed.*

### *On Application for Supersedeas.*

1. BILLS AND NOTES—*Promissory Note—Exemption—Waiver.* A stipulation in a note waiving right of exemption is void, as against public policy.

*Error to the District Court of Crowley County, Hon. Samuel D. Trimble, Judge.*

Mr. H. E. BRAYTON, Mr. HARRY E. MAST, for plaintiff in error.

Mr. L. E. LANGDON, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

ON September 28, 1925, plaintiff in error, J. N. Weaver, secured a judgment against defendant in error, Clyde Lynch, upon a note, by confession under a warrant of attorney in the note. The court found, among other matters, that defendant "waived the right of exemption," and judgment was entered for $3,117.48.

On April 16, 1926, on the petition of defendant, the court set aside its previous finding that defendant had waived the right of exemption, and ordered that the sheriff be restrained and enjoined from seizing, under any execution, any of the property of defendant which by the laws of Colorado is exempt from levy on execution.

To review this last named order, plaintiff brings error, and the cause is before us upon his application for a supersedeas. The objection to the order or judgment is that it allows the defendant the benefit of the exemption laws after he had stipulated in the promissory note in question that he waived the right of exemption. The judgment, in this respect, was entered upon the theory that the stipulation in the note, waiving exemption, is invalid as against public policy. The only question upon which we need to express an opinion is whether such a provision in the note is valid or invalid.

This question has not heretofore been decided by this court. In *Cross v. Moffat,* 11 Colo. 210, 17 Pac. 771, a judgment note was held valid, but the particular waiver now under consideration was not considered there. There may be a waiver of exemption at or after the time of levy, but the question before us is whether there may

be a waiver in an executory contract, like a promissory note.

In *Industrial Loan & Inv. Co. v. Superior Court,* 189 Cal. 546, 209 Pac. 360, with reference to a provision in a note that the makers waive their rights of exemption, the court said: "As to such cases the rule is that the debtor cannot waive the privilege of claiming the exemption in advance. This rule is based on the theory that exemption laws are made for the benefit of the debtor and his family and that it is against public policy for him to waive any benefits of the law in advance of the time when it is necessary for him to do so. If it were not for this rule, it is said, creditors would insist on inserting the clause waiving exemption laws in every executory contract. These would usually be made at a time when the debtor was in need of money, and would be enforceable at some time in the future when, perhaps, he or his family would require the exemption. By doing so he would waive practically all the benefits of the exemption law. We approve of this doctrine, and hold that such a waiver cannot be enforced. This rule has been followed by all the states except Pennsylvania."

In Pennsylvania, some regret has been expressed over the adoption of the contrary view. 11 R. C. L. 544, citing *Firmstone v. Mack,* 49 Pa. St. 387, 88 Am. Dec. 507.

The latest cases reaffirm the doctrine announced in the California case, and hold an agreement whereby a debtor waives the benefit of exemption laws void as against public policy. *Rinckhoff v. Buller,* 20 Ohio N. P. (N. S.) 577; *Dean v. McMullen,* 109 Ohio St. 309, 142 N. E. 683. Other cases are collected in 11 R. C. L. 543; 25 C. J. 111.

We agree with the view expressed in almost every other jurisdiction, and hold that the stipulation in the note waiving right of exemption is void as against public policy. The trial court was correct in so holding, and in modifying its previous judgment accordingly. There is no error in the record.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE ADAMS not participating.