## No. 11,755.

SMITH *v.* PUEBLO MERCANTILE AND CREDIT ASSOCIATION, ET AL.

Decided September 26, 1927.

Action against officer for treble damages for attaching exempt property. Judgment for defendants.

### *Reversed.*

1. EXEMPTIONS—*Levy—Damages.* An officer who levies upon exempt property is liable for damages, but if the property is not specifically exempt he is not liable unless, after demand, he fails to return it within a reasonable time, which is a question for the jury.

2. ATTACHMENT—*Exempt Property—Demand.* When an officer refuses to surrender exempt property on demand, and does not do so until compelled by court order, he is liable upon the refusal, and the question of reasonable time is out of the case,

3.  EXEMPTION—*Purpose.* The purpose of exemption is to preserve to the debtor his means of support.

4.      *Return of Attached Property.* Sheriff giving to the debtor a claim check for an automobile which had been wrongfully levied upon under attachment, the owner having to pay storage charges before he could get his property, did not constitute a return, and he could have refused to take it under such conditions.

5.  PLEADING—*Denial.* General denial of a paragraph containing an allegation of value of property taken under attachment, raises the issue of value.

6.  EVIDENCE—*Value of Property.* In an action against a sheriff for damages for levying upon an automobile claimed to be exempt, where there is evidence of some value of the machine, although not accurate or satisfactory, it is enough to justify a verdict in some amount.

7.  EXEMPTION—*Liability of Attaching Officer.* If an officer by virtue of process takes a chattel which is specifically and unqualifiedly exempt, he is liable.

8.  PLEADING—*Action for Unlawful Levy.* Form of pleadings outlined in an action against an officer for damages for levying upon exempt property.

9.  EXEMPTION—*Levy—Damages.* In an action for damages for levying upon exempt property under attachment, where the exemption, taking, and demand and refusal are admitted, plaintiff is entitled to a directed verdict, leaving only the question of the amount of damages to the jury, which should be treble the actual damages.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. H. E. BRAYTON, Mr. C. S. ESSEX, for plaintiff in error.

Mr. JOHN B. BARNARD, for defendants in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

Smith had a verdict and judgment against him in an action brought by him against the company and Thomas, sheriff, defendants in error, for treble damages for attachment of exempt property, and brings error.

The company brought an attachment suit against Smith and levied on the property in question, an automobile, and the judgment in that action was for defendant, Smith, and the issue of exemption was decided for him. Smith claimed his exemption and demanded the machine two days after the levy but the sheriff, having been indemnified by the Pueblo Company, refused to surrender it and did not do so until the issue of exemption had been decided against him a month later. Smith then brought the present action. The judgment must be reversed.

The district court was right in its opinion that the automobile was exempt, because that point had been determined between the parties in the previous action; the question then whether it was lawfully exempt is not before us. But, if exempt, it was so by virtue of C. L. § 5915 (S. L. 1861, p. 272, § 34), and a levy on property exempt under that statute subjects the officer and him who supports the levy with a bond to treble damages. C. L. § 5921; *Woodworth v. Gorsline,* 30 Colo. 186, 69 Pac. 705, 58 L. R. A. 417; *Lovejoy v. Murray,* 3 Wall. 1, 18 L. Ed. 129.

The defendant in error argues that, since an automobile is not specifically mentioned in the statute, it is put in there by "judicial determination" and is therefore exempt by judicial determination and not by the statute; that the treble liability is only with respect to exemption by statute and so there is no such liability here. The argument is specious. The answer, of course, is that the judicial determination that the property is exempt is that it is exempt by statute.

The rule is that the sheriff who levies on exempt property is liable in damages (*Harrington v. Smith,* 14 Colo. 376, 380, 381, 23 Pac. 331, 20 Am. St. Rep. 272; 25 C. J. 131, 132), but if the property is not specifically exempt,

it would seem that he is not liable, unless, after demand upon him he fails to return it in a reasonable time. What that time is is a question for the jury (*Harrington v. Smith, supra; Madera v. Holdrege,* 4 Colo. App. 126, 35 Pac. 52; *Duncan v. Burchinell,* 14 Colo. App. 471, 61 Pac. 61), and was left to the jury in the present case, but we think that when, as here, the sheriff refuses to surrender on demand and does not do so until compelled by the judgment of a court, he is liable upon the refusal, and the question of reasonable time is out of the case. The refusal would put the matter beyond the question as far as liability for conversion is concerned, and we can see no reason why the statutory liability for treble damages should be regarded as different. In essence it is a liability for conversion. *Madera v. Holdrege, supra,* 133. To hold otherwise would frustrate the purpose of the exemption, which is to preserve to the debtor his means of support. 25 C. J. 8; *People, for the Use of Klug v. Corder,* 82 Colo. 318, 259 Pac. 613. Since the exemption, taking on attachment, demand and refusal, were all admitted, the plaintiff was entitled to a directed verdict, leaving the damages to the jury.

The defendant in error argues that the sheriff has the right to test the question exemption or no and await a decision of a court thereon, and that a return after that will be in reasonable time. We cannot agree with that proposition. It frustrates the purpose of the statute which we have mentioned above. If the sheriff can await a court decision it may be, not a month, but a year or more before the debtor can regain his full power to earn his living.

The defendant sheriff, after the court had ordered him to deliver the machine to Smith, gave Smith a claim check for it and telephoned the custodian to deliver it. Smith went and got it and to do so paid the storage fees. This was no return (*Sandberg v. Borstadt,* 48 Colo. 96, 109 Pac. 419), and plaintiff might have refused to take it, but since he took it, he should credit its value on the

treble damages. *Duncan v. Burchinell,* 14 Colo. App. 471, 478, 61 Pac. 61.

The question of proof of value is raised. Plaintiff in error claims that there was no denial of the allegation that the value of the auto was $175. There was a general denial in the answer of the corporation and in the sheriff's answer, a general denial of the allegations in paragraph 12 of the complaint, wherein was the allegation of value.

The defendants claim that there was no evidence of value, but there was evidence of some value, and though not accurate or satisfactory, it was enough to justify a verdict in some amount. *Nielsen v. Hansford,* 78 Colo. 456, 242 Pac. 677; *Colorado Springs v. Street,* 81 Colo. 181, 254 Pac. 440; *Goldstein v. R. M. Envelope Co.,* 78 Colo. 341, 241 Pac. 1110; *Eastman Kodak Co. v. So. Photo Mat. Co.,* 273 U. S. 359, 47 Sup. Ct. 400, 404, 405.

We think that the difficulties of this case arise primarily from the prolixity of the pleadings. If an officer, by virtue of process, takes a chattel which is specifically and unqualifiedly exempt, i. e., which is always exempt, for example, the debtor's clothing, he has, ipso facto, committed the wrong and is liable. In such case it is only necessary to allege in the complaint "that at ——, on the —— day of ——, defendants, by virtue of a writ of attachment, issued out of the —— court of —— county, took and seized certain goods and chattels of the plaintiff (Description) of the value of to-wit, (Ten dollars). Wherefore he demands judgment for three times said value, to-wit, the sum of (thirty dollars)."

In the case of an automobile, which may or may not be exempt, the facts should be added which are claimed to show it to be exempt, e. g., that it is an implement of plaintiff's trade or occupation; and also, if it was taken without a claim of exemption by plaintiff, a subsequent claim and demand and refusal of possession should be stated. It was, of course, proper to add, in the present case, that the property had been adjudicated exempt.

The answer to such a complaint, if the defences are as in the present case, should be denials only, unless, perhaps, it was intended to plead a waiver, of which we are not certain. If the issues had been clarified by such simple pleading the confusion would probably have been avoided.

If we are right above the conclusion must be that a verdict for plaintiff should have been directed, leaving to the jury the amount of damages which should be treble the actual damages, and from this should have been deducted the value of the auto when returned, less the storage which plaintiff had to pay to get it.

The judgment is reversed, and a new trial granted as to the amount of damages only.