## No. 13,912.

PENROSE ET AL. *v.* STEVENS.

(65 P. [2d] 697)

Decided February 15, 1937.

Mr. WALLACE SCHOOLFIELD, for plaintiffs in error.

Mr. THOMAS A. NEVENS, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

STEVENS, defendant in error, was plaintiff in the district court where he obtained a judgment, based on a statutory penalty, against plaintiffs in error. To reverse the judgment, the writ of error herein is prosecuted. Reference will be made to the parties as they were aligned in the trial court, namely, as plaintiff or Stevens, and defendants.

Stevens was the owner of a 1931 model Ford truck in March, 1932, at which time the Salida Creditmen's Association, one of the defendants, obtained a judgment against him in the justice court. About two years later this association caused execution to issue and placed the same in the hands of Penrose, the other defendant herein, who then was constable, with instructions that he levy upon the truck owned by Stevens. When the officer undertook to make the levy, Stevens claimed that he had signed over his certificate of ownership to his son-in-law; however, the levy was made and Stevens shortly thereafter set up his claim as owner, and that the truck was exempt from levy and execution. A written notice of this claim was served upon the parties who were plaintiffs in the justice court, and immediately thereafter and on April 21, 1934, the constable sold the truck at public auction after receiving two bids therefor, one in the sum of $50, and the other $175 made by the son-in-law of Stevens, to whom the truck was sold on his accepted bid. After satisfying the judgment and costs, there was a balance of $64.70 which then was paid over to Stevens. May 9, 1934,

Stevens brought this action to recover triple the value of the property under section 5921, C. L. '21, praying for $525 or three times the amount of the accepted bid made by his son-in-law, and basing his complaint upon the sale of property alleged to be exempt by reason of the truck being a "tool or implement" within the meaning of section 5915, C. L. '21, which reads in part:

"The following property, when owned by any person being the head of a family and residing with the same, shall be exempt from levy and sale upon any execution or writ of attachment, or distress for rent, * * *

"Sixth. The tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade, or business, not exceeding two hundred dollars in value."

The statute upon which the claim is based, C. L. section 5921, is as follows: "If any officer or other person, by virtue of any execution or other process, or by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured for three times the value of the property illegally taken or seized, to be recovered by action of trespass, with costs of suit."

The case was tried to the court without a jury, and its findings and judgment were for plaintiff in the sum of $386.20 and costs. On sufficient competent evidence to sustain them, the court made findings: That plaintiff was the owner of the truck at the time of the levy; that he was the head of a family and was using the truck to carry on his business of trucking and hauling; that it was the implement by which he carried on the business which was his only means of earning a livelihood; that at the time, the truck was worth $150. Judgment was rendered for three times the value of the truck, less a credit of $63.80 received by plaintiff from defendants at time of the sale. These findings being based on dis-

puted questions of fact will not be disturbed on this review.

Defendants contend that the court erroneously determined as a matter of law that the truck was an implement, and they make the further contention that property such as that here involved should not be considered as included in the expression "tools and implements" as used in the statute. They also contend that the court erroneously computed the damages, in that the credit of $63.80 was not first deducted from the value found and the balance then trebled. The last contention is without merit. The value was found to be $150. The statute quoted fixes the liability at three times the value of the property seized. If there was a credit to be given it should be deducted from the treble damage. *Smith v. Pueblo Ass'n,* 82 Colo. 364, 260 Pac. 109. The trial court correctly applied the above rule, and having done so, the defendants are out of good grace in complaining, for the reason that by their amended answer they alleged the true value of the truck to be at least the sum of $250, and introduced testimony in support of the allegation.

On the question of exemption, the necessary facts having been found to support the claim, the only matter for determination is whether or not the truck involved is such property as to bring it within the meaning of the statute. In *Smith v. Pueblo Ass'n, supra,* in discussing pleadings involving the same question as here presented, we said that facts should be alleged, "which are claimed to show it [the property] to be exempt, e. g., that it is an implement of plaintiff's trade or occupation." While this is not a direct finding that an automobile or truck used as this was, is exempt, it discloses an indication that the court would have so found, and since this tendency is in line with the decisions of other courts under similar statutes (*Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262; *Hamner & Co. v. Johnson,* 16 La. App. 580; *Janasik v. Thomas,* 28 Ohio, N. P. [N. S.] 616), we now hold that the truck here used by

plaintiff in carrying on the only business he had, that of hauling or trucking for a livelihood, is an implement necessary thereto, and therefore exempt.

▮ Exemptions provided by statute for the purposes intended, are, as they should be, favored. A perversion of the statute to admit of fraudulent purposes should be avoided by the courts; however, a construction so strict as to defeat its purpose and design should not prevail. Call the machine here involved what you please; automobile, truck or implement, it was the means, within the statutory value, used in carrying on a trade or business meant to be protected for the benefit of the head of a family. An automobile may, or may not be exempt, according to the facts.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.