Weygandt, C. J.
 

 In addition to the stipulated substantive question presented at the trial of this case, the Court of Common Pleas and the Court of Appeals were confronted with the preliminary contention of the defendants that the plaintiff failed to follow the proper procedure in perfecting its appeal from the Municipal Court to the Court of Common Pleas on questions of law alone. Specifically, it is urged that the plaintiff should have filed a petition in error under the older provisions of Sections 1579-527 to 1579-529, General Code, of the Akron Municipal Court Act, instead of filing merely a notice of appeal as provided by the more recent Section 12223-1
 
 et seq.,
 
 General Code, relating to appeals in general. The defendants rely upon the pronouncement of this court in the case of
 
 Saslaw
 
 v.
 
 Weiss, 188
 
 Ohio St., 496, 14 N. E. (2d.), 930. However, as indicated by the Court of Appeals, that decision related to an appeal on questions of both
 
 law and fact.
 
 It did not involve an appeal on questions of law alone, as in the instant case. Section 12223-3, General Code, provides that the new procedure there mentioned shall be followed “unless otherwise provided by law.” In the
 
 Saslaw case, supra,
 
 this court simply pointed out that in the Akron Municipal Court Act there is a procedure “otherwise pro
 
 *127
 
 vided by law” as to appeals on questions of
 
 law and fact.
 
 No problem as to appeals on questions of
 
 law
 
 alone was involved. This difficulty in tbe instant case is solved by Section 1579-527, General Code, of the Akron Municipal Court Act. It relates to “proceedings in error” which of course are now designated by tbe general appellate Section 12223-1
 
 et seq.,
 
 General Code, as appeals on questions of law. Section 1579-527, General Code, specifically provides that “proceedings in error may be prosecuted to tbe Court of Common Pleas of Summit county from a judgment or final order of tbe Municipal Court in the same manner and under tbe same conditions * * * as provided by law for proceedings in error from tbe Court of Common Pleas to tbe Court of Appeals, except as otherwise provided herein.” If effect is to be given to this section, it is apparent that appeals on questions of
 
 laiv
 
 from tbe Akron Municipal Court to the Court of Common Pleas must be perfected in substantially tbe same manner and under tbe same conditions as from tbe Court of Common Pleas to tbe Court of Appeals. Tbe chief feature of an appeal from tbe Court of Common Pleas to tbe Court of Appeals is tbe jurisdictional act of filing a notice of appeal. Such a notice was filed by tbe plaintiff in appealing from tbe Akron Municipal Court to tbe Court of Common Pleas. This was proper, and tbe Court of Common Pleas Avas not in error in refusing to dismiss tbe appeal for want of jurisdiction.
 

 Tbe substantive question requiring tbe consideration of this court is whether tbe mortgaged household chattels of tbe Keenans were subject to the exemption provisions of Sections 11725 and 11738. Tbe former section relates to household furnishings, books, tools, etc., and tbe latter provides for an additional exemption of property of a valuation of not to exceed five hundred dollars in lieu of a homestead. However, tbe present dispute is occasioned not by tbe language of
 
 *128
 
 these sections but by that of Section 11729, General Code, which reads as follows:
 

 “The following sections of this subdivision of this chapter shall not extend to a judgment rendered on a mortgage executed by a debtor and his wife, nor to a claim for manual work or labor, less than one hundred dollars, nor to impair the lien by mortgage or otherwise, of the vendor for the purchase money of the premises in question, nor the lien of a mechanic, ox-other person, under a statute of this state, for materials furnished or labor performed in the erection of the dwelling-house thereon, nor for the payment of taxes due thereon. No promise, agreement or contract shall be made or exxtered into whereby the provisions of the exemption laws of this state are sought to be waived and every such promise, agreement or contract made after this act shall have goxxe ixxto effect, insofar as it seeks to waive the provisions of the exemption laws of this state shall be void. ’ ’
 

 Inasmuch as this section unambiguously provides that the
 
 following
 
 sections of this subdivision of the chapter shall not extend to a judgment rendered on a mortgage executed by a debtor and his wife, it is obvious that these defendants have no basis for their claim for an exemption under favor of Section 11738, General Code, which, of course, is one of the sections following Section 11729 in the same chapter and subdivision. All three of the lower courts so held, and this manifestly was correct.
 

 But what is the effect of the language of Section 11729 upon the
 
 preceding
 
 provisions of Section 11725? In 1933 the Legislature supplemented the language of Section 11729 by adding the last sentence which, as above quoted, provides that every “promise, agreement or contract” seeking “to waive the provisions of the exemption laws of this state shall be void.” The defendants contend that the addition of this sentence had the effect of preserving exemptions in chattels
 
 *129
 
 even when duly mortgaged. However, the plaintiff urges that this new language invalidates only executory contracts to waive exemptions but does not affect executed waivers. The well-settled distinction between an executed waiver and a contract to waive an exemption is one long recognized in this state. In the first paragraph of the syllabus in the case of
 
 Frost, Jr.,
 
 v.
 
 Shaw,
 
 3 Ohio St., 270, this court said:
 

 “The owner of the chattel property, which is exempted by law from execution and sale for the payment of debts, is not divested of the right of disposing of it by pledge in security for the payment of his
 
 debts;
 
 and in case of a pledge or chattel mortgage, the owner clearly waives the benefit of exemption, so far as the incumbrance extends or is operative.”
 

 Seventy years later in the opinion in the case of
 
 Dean
 
 v.
 
 McMullen,
 
 109 Ohio St., 309, 142 N. E., 683, it was observed that “The case of
 
 Frost, Jr.,
 
 v.
 
 Shaw,
 
 3 Ohio St., 270, is sometimes quoted as opposing the doctrine that an executory contract of waiver of exemptions is void. That, however, was a case not of mere written contract, but of chattel mortgage, and therefore has no controlling influence here.”
 

 This court is of the view that if this statute is to include executed waivers as well as contracts to waive exemptions, this change in the law should be accomplished through unambiguous 'legislative enactment. This has not been done.
 

 The judgment of the Court of Appeals is affirmed as to the denial of exemptions under Section 11738, General Code, and is reversed as to the allowance of exemptions under Section 11725, General Code.
 

 Judgment affirmed in part and reversed in part.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Myers, J., not participating.