**CENTENNIAL SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**Gerald E. SCHMUHL, and Glenda L. Schmuhl, Defendants-Appellants,**

**and**

**Beneficial Finance Company of Colorado, Defendant-Appellee.**

No. 83CA0338.

Colorado Court of Appeals, Div. I.

April 12, 1984.

Rehearing Denied May 3, 1984.

Certiorari Granted Nov. 5, 1984.

Richard L. Emmett, Durango, for defendants-appellants.

David J. Turner, Durango, for defendant-appellee.

PIERCE, Judge.

This is a foreclosure action initiated by a creditor, Beneficial Finance Company of

Colorado (Beneficial). Debtors, Gerald G. and Glenda L. Schmuhl (Schmuhls), appeal from an order which denied Gerald's claim of exemption of a mobile home. We reverse.

The Schmuhls executed a promissory note, secured by a second deed of trust on some real estate and their mobile home, which they were occupying as a residence, favoring Beneficial. The note was not executed as part of the consideration for the purchase of the mobile home. Upon default, a senior lienholder filed an action to foreclose upon the first deed of trust, and Beneficial cross-claimed against the Schmuhls for any excess over the first lien. The trial court entered summary judgment for Beneficial and authorized the sale of the real estate and the mobile home to satisfy the judgment.

Thereafter, a writ of execution issued directing a sheriff's sale and the property was seized. Gerald filed a claim of exemption. The trial court denied the claim because the mobile home was collateral securing Beneficial's note, and therefore, any claim of exemption had been implicitly waived.

## I.

Citing *Packard v. Packard*, 33 Colo.App. 308, 519 P.2d 1221 (1974), the Schmuhls assert the trial court erred when it denied the claim for exemption, arguing that, because the note held by Beneficial was not for purchase monies, the trial court's order should be reversed. We agree, but for additional reasons.

Exempt property can be mortgaged. *In re Rade*, 205 F.Supp. 336 (D.Colo.1962). But, although the note here contains a stipulation by the parties, to waive "as to this debt, any and all exemptions permitted by law to be waived," such a stipulation in a note is invalid as against public policy. *Weaver v. Lynch*, 79 Colo. 537, 246 P. 789 (1926).

Section 13–54–102(1)(o)(II), C.R.S. (1983 Cum.Supp.), sets forth the exemption applicable to mobile homes at the time the transactions concerned in this case occurred and at the time this case was tried. *See* §§ 38–41–201, 38–41–201.5, 38–41–201.6 and 38–41–202, C.R.S., for current statutory status. This exemption is applicable to the equity held in the property rather than the specific property itself. *In re Cummings*, 413 F.2d 1281 (10th Cir. 1969). Therefore, the Schmuhls are entitled to an exemption of up to $6,000 of any equity they may have in the mobile home.

## II.

Beneficial now raises for the first time the issue of the timeliness of the claim of exemption. Because it did not afford the trial court an opportunity to rule on this alleged error, this defense has been waived by Beneficial. *See Knighton v. Howse*, 167 Colo. 530, 448 P.2d 641 (1968). Therefore, we will not consider this alleged error on appeal.

Accordingly, the order of the trial court denying the claim for exemption is reversed and the cause is remanded for further proceedings consistent with this opinion.

SMITH and TURSI, JJ., concur.