**In re Bob Wilson BLACK, Debtor.**

**No. 00–24095 ABC.**

United States Bankruptcy Court,
D. Colorado.

May 10, 2002.

Gregory S. Bell, Fort Collins, CO, for debtor.

Stewart Olive, Fort Collins, CO, for creditors.

## FINDINGS OF FACT AND CONCLU-SIONS OF LAW WITH RESPECT TO CLAIMED EXEMPTION FOR PICKUP TRUCK

BRUCE A. CAMPBELL, Bankruptcy Judge.

This matter is before the court for a determination of whether the debtor in this Chapter 13 proceeding may exempt the 1994 Ford pickup truck he uses as a self-employed building contractor. The truck has been claimed under Colo.Rev. Stat. § 13–54–102(1)(i) (2000) on Debtor's schedule of exempt assets. The Standing Chapter 13 Trustee and a creditor have objected to the claim of exemption. The creditor also objected to confirmation of Debtor's Chapter 13 plan.

The court heard evidence concerning this claimed exemption in the context of Debtor's Motion to Confirm his Chapter 13 plan. The relevance of the exemption in that context relates to the necessity for Debtor's Chapter 13 plan to provide more for general unsecured creditors than they might obtain in a Chapter 7 liquidation, i.e., the "best-interest" test which must be met under section 1325(a)(4) of Chapter 13.

On the evidence presented at the confirmation hearing in this case, the court makes the following findings of fact:

Debtor owns a 1994 Ford pickup truck, free and clear of encumbrances, valued at $8,500.00. Debtor's sole occupation and means of support is as a self-employed building contractor. He is employed substantially full time and has been for several years. The Ford pickup truck is used primarily in Debtor's trade/business for purposes of transporting Debtor, as well as his tools, supplies, materials, and other equipment, and for towing certain equipment. The truck is necessary in order for Debtor to conduct his trade/business as he presently does. Debtor's business could not be conducted without this or a similar vehicle for transporting and hauling tools, machinery, materials, and equipment that are routinely and regularly part of conducting this business. Debtor's occupation is that of an independent, self-employed building contractor, not that of a truck driver. He is not compensated as such for driving his truck, but use of the truck is an essential part of conducting the trade/business for which Debtor is compensated.

These facts present the court with two questions: First, can a motor vehicle be exempted under the $10,000 exemption provided in Colo.Rev.Stat. § 13–54–102(1)(i) for "... stock in trade ... machines ... equipment used and kept for the purpose of carrying on any gainful occupation ...," separate and apart from the specific $3,000 exemption for "motor vehicles or bicycles" provided in Colo.Rev. Stat. 13–54–102(1)(j)? Secondly, if the court answers this first question in the affirmative, on the facts of this case, does Debtor's truck qualify as a machine or equipment of the debtor *used for carrying on a gainful occupation?* Both of these questions must be answered in the affirmative in order for Debtor's claimed exemption to withstand the objections of other parties in interest in this case.

■ The court answers the first question in the affirmative. It is persuaded by the clear and sound interpretation of Colorado's present exemption statute found in *In re Van Winkle,* 265 B.R. 247 (Bankr. D.Colo.2001). Judge Cordova's opinion in that case is consistent with the Colorado Supreme Court's holding in *Penrose v. Stevens,* 100 Colo. 83, 65 P.2d 697 (1937), a case on which Judge Cordova relied.

■■ The question of whether, on the facts of this case, Debtor's truck qualifies as a machine or equipment of the debtor used for carrying on a gainful occupation is more difficult. Many workers use a motor vehicle they own in some fashion relating to their gainful occupation—most commonly, in getting to and from work. The mere use of a vehicle for transportation to and from work is not "use for carrying on a gainful occupation," as intended by the Colorado legislature in the exemption of section 13–54–102(i). This court concurs with the decision in *Van Winkle* that a truck driver's use of his rig is use for carrying on a gainful occupation. This is perhaps factually the easiest case at the end of the continuum where vehicle use is part of carrying on a gainful occupation. The lawyer who hauls his briefcase in his BMW is also an easy case—at the opposite end of the same continuum. The self-employed building contractor falls somewhere in between. On the specific facts of this case, as described above, this court concludes that this debtor's use of his pickup in his trade/business is close enough to the trucker's end of the continuum and far enough from the lawyer's end of the continuum to allow this pickup truck to qualify as exempt pursuant to Colo.Rev.Stat. § 13–54–102(i).

For purposes of applying the best-interest test of 11 U.S.C. § 1325(a)(4), this

debtor's claim to an exemption for his pickup truck for use in his trade or business is sustained, and the objections thereto are overruled.