[No. 4868.]

### ECKMAN v. POOR.

**1. Appellate Practice—Claim of Exemption—Final Judgment.**

Sections 2711, 2712, Mills' Ann. Stats., provide for the separate trial of the claim of exemption; and a judgment in such a trial against the defendant, fixes the right of the parties to the property in controversy, and is reviewable in this court.—P. 202.

**2. Statutory Construction—Exemptions—Implements.**

A portable engine and boiler with saw and lumber carriage with attachments, used and kept by the claimant for the purpose of carrying on his trade and business as a lumberman, and upon which business he depends for a livelihood, are implements of trade without which the business cannot be carried on; and, when not exceeding three hundred dollars in value, they are exempt from execution under the 11th subd. of § 2562, Mills' Ann. Stats. —P. 202.

*Error to the County Court of Larimer County.*
*Hon. J. Mack Mills, Judge.*

Action by R. S. Poor against John Eckman. Judgment was adverse to defendant on the issue of exemption, and he brings error.          *Reversed.*

Mr. JEFFERSON McANELLY and Mr. FRED W. STOW, for plaintiff in error.

Messrs. GARBUTT & CLAMMER, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

A portable engine and boiler, with saw and lumber carriage with attachments, was levied upon by a constable under a writ of attachment from a justice's court. The attachment debtor filed his affidavit, as required by section 2712, claiming the property as exempt under the 11th subdivision of section 2562 of Mills' Ann. Stats. The subdivision is as follows: "*Eleventh.* * * * that the tools, implements * *. * not exceeding three hundred dollars in value, of any mechanic, miner or other person not being the head of a family, used and kept for the purpose of carrying on his trade and business, shall be exempt from levy and sale on any execution or writ of attachment while such person is a *bona fide* resident of this state."

The justice rendered a money judgment against the defendant, sustained the attachment, and denied the claim of exemption. An appeal from the denial of the claim of exemption only was taken to the county court. Upon the trial of the claim of exemption the county court rendered judgment against the defendant. This judgment the defendant asks to have reviewed by a writ of error.

The plaintiff in error answers the statutory description of those entitled to exemption, and his claim that the articles were used and kept for the purpose of carrying on his trade and business is not controverted; but the defendant in error says that the defendant below is not entitled to have the case reviewed here because the judgment on the trial of the claim of exemption is not a final judgment, but is incidental and collateral to the main suit.

The statutes, sections 2711 and 2712, Mills' Ann. Stats., provide for the separate trial of the claim of exemption. The judgment determines that the defendant had no right to the property claimed as exempt. It fixed the right of the parties to the property in controversy, and is reviewable in this court. *Standley v. Hendrie & Bolthoff Co.*, 25 Colo. 376; *New York Life Ins. Co. v. Brown*, 32 Colo. 365.

We are of opinion that the property seized is exempt from execution. The value of the property was found to be two hundred and fifty dollars, and it was stipulated that the claimant "makes his livelihood and depends for the same at this time exclusively upon the product of said sawmill, used and kept for the purpose of carrying on his trade and business as lumberman."

"Implements" are defined in Anderson's Law Dictionary to be: "Things necessary to any trade, without which the work cannot be performed." *Stemmer v. Insurance Co.*, 33 Oregon 65.

The portable engine and boiler and the attachments are implements of trade without which the business cannot be carried on, and as the value is not in excess of three hundred dollars, we must hold that they are exempt from execution. The judgment is reversed. *Reversed.*

Chief Justice Gabbert and Mr. Justice Campbell concur.