[No. 5817.]

### SANDBERG, SHERIFF, v. BORSTADT.

1.  **Judgments and Execution—Exemptions—Construction of Statute—**The exemption laws are to be liberally construed.—(99)

2.  **Citizenship—Presumed From Residence—**One who for a considerable time has resided and been engaged in business within the state, will be presumed to be a citizen of the state, unless the contrary appears.—(99)

3. **Appeals—Objections Not Taken Below**—Objections first presented upon appeal are not regarded with favor. Even though of such character that they may then be presented, they will not suffice to reverse a judgment given upon the verdict of a jury, except in a clear case.—(99)

——An objection that a party in appraising certain chattels which were in controversy, when testifying upon the stand, gave a valuation exceeding that made in his pleadings, will not be considered if first presented upon appeal.—(100)

4. **Exemptions—Personal Property—Return of the Goods**— The officer who has wrongfully levied upon exempt goods may return them to the debtor; but to relieve himself of liability he must return them to the place from which they were taken, or to some place which the debtor may reasonably designate. To merely authorize the debtor to take them at a place where they are stored is not a return.—(101, 102)

And where all the property originally seized is of the character which the debtor is entitled to exempt, and does not exceed in value what he is entitled to, the return of a portion of the goods will not bar the debtor's action, but merely relieves the officer pro tanto.—(101)

5. ——**Pleading the Statute**—It is not required that the judgment debtor suing for a levy upon exempt goods should specially plead the statute. It is sufficient if facts entitling him to the exemption are set up.—(101)

6. ——**Selection of the Goods**—Where all of the debtor's goods are exempt he is not required to make a selection of particular articles; a claim that they are exempt is sufficient.—(102)

7. **Practice—Verdict for Triple Value**—The statutes allowing three times the value of exempt goods unlawfully levied upon, the jury may return the actual or the statutory damages, as the court may direct.—(103)

8. **Witnesses—As to Value, Competency**—A woman who purchased, and has used, a sewing machine, is competent to testify as to its value.—(99)

9. **Instructions — Non-Direction,** is not error unless the proper instruction was tendered and refused.—(103)

10. **Householder—Eviction**—A householder who is unlawfully expelled from his dwelling is entitled to an action.—(104)

*Error to Clear Creek District Court*—Hon. A. H. DeFrance, Judge.

Mr. J. J. White, for plaintiff in error.

(7)

Mr. JULIAN G. DICKINSON, and Mr. E. M. SABIN, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The defendant in error, as plaintiff, brought suit against the plaintiff in error, as defendant, upon two causes of action. The first was to recover three times the value of personal property levied upon by defendant, as sheriff, under an execution issued out of the county court, upon the ground that such property was exempt from execution. The second was to recover damages for having been unlawfully evicted from her house and home by the defendant. From a judgment in favor of plaintiff the defendant brings the case here for review on error. The facts necessary to an understanding of the questions presented for determination will be stated in connection with such questions.

Plaintiff was the head of a family, residing with the same, and engaged in keeping a boarding-house, and also doing the work of a seamstress. The defendant, as sheriff of Clear Creek county, levied upon and carried away all her personal property under an execution issued on a judgment against her. Among the articles seized was a sewing machine. Sec. 3629, Rev. Stats., provides that a sewing machine, when owned by any citizen of the state of Colorado, in addition to the property now exempt by law, shall be exempt from levy and sale under execution. On behalf of the defendant it is urged that the court erred in admitting testimony as to the value of the machine, for the reason there was no averment in the complaint that at the time it was levied upon the plaintiff was a citizen of this state. The complaint was not attacked below on account of this alleged defect, nor did any objection to the introduction of

testimony with respect to the machine specify this ground. Objections to pleadings or to the introduction of testimony not made below, although they may be of a character that can be made here for the first time, are not regarded with favor, and will not operate to defeat a verdict and judgment except in clear cases.

Primarily, the exemption laws of the state are for the benefit of residents, and they are to be liberally construed. The complaint alleged that at the time the sewing machine was levied upon and sold, plaintiff was a resident of this state. An averment of citizenship was not necessary to confer upon the court jurisdiction of the parties or of the subject-matter of controversy. It appears from the complaint and testimony that plaintiff has resided in the state for a considerable time, and has been engaged in the business of conducting a boarding-house in the town of Dumont, county of Clear Creek, long prior to the levy. When an individual has resided in the state for a considerable length of time, and during that period has been engaged in business, he will be presumed to be a citizen of the state unless the contrary appears.—*Shelton v. Tiffin,* 6 How. (U. S.) 163.

It is next urged that the court erred in allowing the plaintiff to testify what the sewing machine was worth, for the reason that it did not appear she was qualified to testify on that question. Having purchased it, and being the owner, she was qualified to testify as to its value.—*U. P., D. & G. Ry. Co. v. Williams,* 3 Col. App. 527; 17 Cyc. 113.

This conclusion renders it unnecessary to consider similar objections to the effect that plaintiff was not qualified to testify with respect to other property involved.

She testified that the machine was worth $70.00. It is claimed that this was prejudicial, for the reason

that in her complaint she stated the value of the machine to be $50.00. No objection on this score was made below. Alleged errors which could have been obviated by objection or motion in the trial court which relate to matters that can be waived, will not be considered on review.

After the levy was made, certain of the property taken under the execution was returned by the sheriff to the plaintiff. It does not appear what the value of this property was, and it is urged by counsel for the defendant that this is fatal to a recovery, for the reason that the value of the property returned may have been equal to the limit allowed by the statutory provisions relating to exemptions. In the circumstances of this case the proposition is not tenable. At the time of the levy the plaintiff notified the sheriff that she claimed all the property seized which belonged to her as exempt from execution. Part of that afterwards returned did not belong to her. She was the head of a family, and was entitled to the exemptions which the statute specifies may be claimed by one sustaining that relation. She was also engaged in keeping a boarding-house and was entitled to the exemption of property used in carrying on that business up to the value specified in the statute. All her property was seized. It appears from the evidence that, aside from the specific exemptions to which she was entitled, the value of all the other property originally taken which belonged to her did not exceed the value, and was of the character, which, by reason of her being the head of a family, and engaged in the business of keeping a boarding-house, she was entitled to claim. When a debtor has only the amount, kind and value of property which the statute relating to exemptions exempts from levy, a levy and sale thereof is illegal unless the exemption is waived. — *Harrington v. Smith*, 14 Colo. 376;

*Autrey v. Wright,* 4 Col. App. 179; *Madera .v. Holdrege, id.,* 126.

And so in the case at bar—the sheriff was still responsible for the property retained when it appears that all the property originally seized belonging to plaintiff, was exempt from levy and sale under execution. The return in such circumstances only operated to relieve him from liability *pro tanto.*

Plaintiff did not plead any statute upon which she based her cause of action under consideration, and defendant at the trial objected to the introduction of testimony, upon the ground that for this reason no cause of action was stated. It was not necessary to specially plead any statute under which she claimed the property levied upon was exempt from execution. Stating facts which made a case within the provisions of the statute on this subject was sufficient.

It is claimed that all personal property was released after the levy except certain items. This claim is based upon a writing, addressed and delivered to counsel for plaintiff, signed by the defendant, in which he stated, in substance, that he thereby turned over to the plaintiff all the furniture, household goods and wearing apparel mentioned in her demand, and authorized her to take possession thereof, with the exception of a piano, iron bedsteads, and sewing machine. An officer who has levied upon exempt property may return it to the judgment debtor after demand, but it appears from the testimony that the defendant did not return the property mentioned. When levied upon it was taken to a barn and stored. If the defendant wished to relieve himself from liability for having levied upon exempt property belonging to the plaintiff, he should have returned, or offered to return, it to her from whence taken, or to some place she might reasonably desig-

nate, and not merely have authorized her to take possession of it at the place where it was stored. There is testimony introduced on behalf of defendant, that he offered to haul the property which he claimed to have released under the written offer, to any place within reason which the plaintiff might name. This was denied by the plaintiff, and as the issue of the offer to return under the testimony was submitted to the jury by an appropriate instruction, and was resolved by them in favor of plaintiff, the defendant cannot successfully contend that he was released from liability by any offer to return.

On behalf of the defendant it is asserted that plaintiff made no selection of the property which she was entitled to claim as exempt from execution. This claim is based upon the ground that she did not specify the articles claimed as exempt, and hence, it is argued, the sheriff is not responsible for levying upon property exempt from execution. In the circumstances of this case, this proposition is not tenable. A judgment debtor is not required to make a selection of property levied upon when all his property is exempt from execution. A claim to the officer that it is exempt is all that is necessary. See authorities last above cited; also, *Vaughan v. Thompson*, 17 Ill. 78.

All the property of plaintiff was exempt, and so claimed by plaintiff at the time of the levy; consequently, she was not required to select any particular articles as exempt.

It is also contended on behalf of the defendant that the complaint and testimony disclose that property in excess of the statutory provision relating to exemptions, under "Stock in Trade," was claimed. This contention is based upon a misapprehension of what the complaint and testimony disclose on this subject. The piano did not belong to the plaintiff.

She so notified the sheriff when it was levied upon, and she made no claim for its value as exempt property, either in her complaint or in her testimony; nor was any recovery allowed her on that account. When the piano is deducted, it is clear that she made no claim in her complaint in excess of her statutory exemptions.

Errors are assigned upon certain instructions given which it is not necessary to consider in detail, for the reason that they are clearly without merit, or the grounds upon which they are based have been disposed of adversely to the contention of counsel for defendant in determining the previous questions considered.

An instruction given is also assigned as error, for the reason that it was erroneous in what was left out, rather than what it expressed. Nondirection is not ground for reversal unless an instruction good in law and justified from the facts covering the point claimed to have been omitted from the instructions given, was offered and refused. The court instructed the jury that if they found for the plaintiff their verdict should be for three times the value of the property levied upon, excepting the sewing machine. This was not error. Where a statute allows the successful party to recover a sum which is ascertained by multiplying the actual damages sustained a specified number of times, the jury may return the actual or statutory damages, as the court may direct.— *Wymond v. Armsbury,* 2 Colo. 213; *Richards v. Sanderson,* 39 Colo. 270.

Numerous instructions requested by defendant were properly refused, either for the reasons first above stated, or because they were substantially covered by those given.

With respect to the second cause of action, it is claimed the testimony of plaintiff established that

she left the house voluntarily, and therefore was not entitled to recover on this cause. There is evidence to the effect that while the levy was being made and the goods of plaintiff were being removed, she did go to a neighboring house for the purpose of advising with a friend over the 'phone. There is also testimony to the effect that the deputy of the defendant who made the levy put plaintiff out of her house, from which he was taking her goods, and refused to allow her to re-enter, and that after they were removed, he placed padlocks upon the doors and barred her from her house and home. This certainly constituted an eviction for which there was no justification.

The record does not disclose that any prejudicial error was committed by the trial court, and its judgment will, therefore, stand affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Decided April 4, A. D. 1910; rehearing denied June 6, A. D. 1910.