OPINION OF THE COURT
Thomas F. McGowan, J.
Defendant moves by order to show cause for an order exempting his automobile from execution to satisfy plaintiff’s judgment entered April 30, 1984. His claim is that under the circumstances of this case, the family automobile qualifies for an exemption pursuant to CPLR 5205 (subd [h], par 1).
Defendant and his wife live on various Social Security and disability benefits totaling approximately $7,000 per year. He is under intensive ulcer medication and has a history of emotional instability. His wife has various disabilities, including arthritis, which, according to her physician “make[s] ambulation extremely difficult.” In addition, “[prolonged standing or walking long distances is not medically advisable.” It is asserted by counsel that both defendant and his wife require regular visits to the Veterans Administration Hospital and the Erie County Medical Center as well as trips to the pharmacy to pick up prescription drugs.
The purpose of CPLR 5205 (subd [h], par 1) was “to prevent the foreclosure upon and sale of personal property in the nature of a medical or dental accession to the human *682 body or equipment, including guide or hearing dogs that are necessary for the sustaining of life or the normal functioning by a person with a permanent disability, without leave of a court” (Memorandum of State Executive Department, Office of Advocate for the Disabled, McKinney’s Session Laws of NY, 1980, p 1726). The bill, although superfluous (see Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C5205:l, 1983-1984 Pocket Part, p 23) was a recognition that technology “has created and is creating equipment that is being used to sustain life or to make it possible for a person with a disability to function normally and to provide accessibility for community living” (Memorandum, McKinney’s Session Laws of NY, 1980, p 1726). The statute was intended to apply to certain types of equipment with specific uses for people with specific needs. It was not intended to apply to “equipment” or “personal property” such as an automobile which is used generally by the population at large.
Moreover, the statutory language itself, while somewhat imprecise, cannot be construed to cover the situation at bar. Going to the doctor or the pharmacy by personal automobile is not a “major life activity],” nor is a personal automobile “utilized to provide mobility”. An automobile enhances mobility; it does not “provide” it.
The court is sympathetic with defendant’s plight but cannot construe the statute to accomplish something well beyond its purpose and scope. Motion denied.