In re Wayne CASE, SSN: 523–40–6245 and Geraldene A. Case, a/k/a Geraldine A. Case, SSN: 523–44–6439, Debtors.

Bankruptcy No. 86 B 04568 J.

United States Bankruptcy Court, D. Colorado.

Oct. 1, 1986.

Douglas W. Brown, Malone & Brown, P.C., Denver, Colo., for United Bank of Montrose, N.A.

James E. Masson, Delta, Colo., for debtors.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Relief from Stay filed by United Bank of Montrose, N.A., ("Bank") and the Motion to Void Liens filed by Wayne and Geraldene Case ("Debtors").

At the hearing held on September 19, 1986, the Debtors consented to the Bank's Motion for Relief from Stay as to all property which is collateral for the Bank's loan except such property where the Bank's lien is avoided pursuant to Debtors' Motion to Void Lien.

The Debtors have claimed a $10,000.00 exemption under C.R.S. § 13–54–102(1)(g) and a $1,500.00 exemption under C.R.S. § 13–54–102(1)(i). Both claims of exemptions relate to property which is collateral for the Bank's loan.

The pertinent statute reads as follows: 13–54–102 Property exempt. (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

... (g) In the case of every debtor engaged, as his principal occupation, in agriculture or livestock or poultry raising, livestock and poultry not exceeding in the aggregate a value of three thousand dollars, and horses, mules, wagons, carts, machinery, harness, implements, and tools not exceeding in the aggregate a value of two thousand dollars;

... (i) The stock in trade, supplies, fixtures, maps, machines, tools, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of fifteen hundred dollars; ...

The mandate of Section 1 of Article XVII of the Colorado Constitution expressly declares that the General Assembly shall

pass "liberal homestead and exemption laws", and the courts have consistently ruled that the state exemption laws are to be construed liberally. *In re Reeder*, 60 B.R. 312 (Bankr.Colo.1986).

■ Also, each Colorado debtor whose property is subject to attachment or execution is entitled to claim his or her own exemptions in the statutory amount. *In re Ferguson*, 15 B.R. 439, 441 (Bankr.Colo. 1981).

■ The Bank argues initially that the Debtor Mrs. Case is not entitled to claim the exemption in C.R.S. § 13–54–102(1)(g) because, it claims, she is not "engaged, as [her] principal occupation" in agriculture or livestock or poultry raising. The evidence showed that both Debtors had engaged in ranching for over 20 years. Mrs. Case testified as to the many and varied chores she performed on the family's ranch. She also testified that she has held full-time employment, outside the family ranch, with the Colorado Ute Electric Association for 16 years.

The Court has examined carefully each provision of C.R.S. § 13–54–102 and only in subsection (1)(g) does the term "as his principal occupation" appear. In subsections (1)(i) and (1)(j)(I), the term used is "any gainful occupation." Thus, even though this exemption statute is to be construed liberally, the Court cannot ignore the unique language used by the General Assembly in subsection (1)(g).

This Court is also mindful that the life of farmers and ranchers is not a 40 hour per week endeavor and that often times a rancher must work for wages somewhere else to support his family and the farm itself. However, the Colorado general assembly has, by the language "as his principal occupation" declared that to claim this exemption, the debtor cannot engage in another occupation full-time for 16 years as has Mrs. Case. Thus, the Court concludes that Mrs. Case is not entitled to claim an exemption under C.R.S. § 13–54–102(1)(g), and only Mr. Case is entitled to the

$2,000.00 exemption for machinery, implements and tools used in raising livestock.

■ The Bank next asserts that these Debtors may not claim exemptions under subsections (1)(g) and (1)(i) on the same property. Construing this statute liberally, the Court must disagree with the Bank. There is no specific prohibition against claiming both exemptions as the Debtors do here. In addition, the statute itself would indicate that when the General Assembly wanted to prohibit such actions by debtors, it specifically did so.

Subsection (1)(i) includes books used by a debtor in any gainful occupation as exempt property. Subsection (1)(k) provides that the library of a professional person is exempt, but subsection (1)(k) specifically declares that a debtor may not claim both exemptions under subsections (1)(i) and (1)(k) for the same books and library. Thus, the Court concludes that the Debtors may claim an exemption under both subsections on the same property and, under *Ferguson, supra,* the Debtors here are each allowed a $1,500.00 exemption under subsection (1)(i).

Thus, under subsection (1)(g) Mr. Case is allowed $2,000.00, and under subsection (1)(i) both Debtors are each allowed $1,500.00, for a total of $5,000.00.

The parties further dispute the value of the collateral claimed as exempt. Debtors, in Debtors' Exhibit A, listed certain property, and indicated their priority as to which equipment they wished to retain. Exhibit A is a "Motion to Void Lien" which both the Debtors and the Bank used in their negotiations prior to trial and which both counsel assumed had been filed with the Court. However, the motion filed with the Court differs from Exhibit A. In both documents the Debtors listed certain values and Mr. Case in testimony to the Court stated his opinion as to those values and also submitted Debtors' Exhibit B as their valuation estimates. The Bank had Mr. Darwin Asper appraise the Debtors' property and his valuations appear on Credi-

tor's Exhibit 7. The following is a recap of these documents and testimony with the property listed according to the Debtors' priority.

| | Property | Ex. A | Ex. B | Motion | Case | Asper |
|---|---|---|---|---|---|---|
| 1. | 1966 JD 2510 tractor | $3,000 | $1,250 | $3,000 | $1,500 | $3,500 |
| 2. | 1 set JD tractor duals | 150 | 180 | 150 | — | 150 |
| 3. | JD 8' offset disc | 500 | 200 | 500 | — | 525 |
| 4. | Sure weight scales | 900 | 150 | — | — | 150 |
| 5. | F7 Danuser posthole | 500 | — | 500 | 250 | 150 |
| 6. | Speeco ditcher | 200 | — | 200 | 150–200 | 300 |
| 7. | 1972 JD 224WS baler | 1,000 | 300 | 1,000 | 300 | 550 |
| 8. | (no priority 8 listed) | — | — | — | — | — |
| 9. | JD chain saw | 75 | — | 75 | 25–50 | 50 |
| 10. | JD 930 land plane | 900 | 500 | 900 | 500–700 | 800 |

Of the five values shown above, the first four have come from the Debtors. With this type of fluctuation, the Court can give little credence to the Debtors' claimed valuation. The one exception would be that there was uncontradicted testimony from Mr. Case that priority item No. 1, the tractor, needed tires and a new rear bearing. The Court finds that the value of this item is $3,000.00. In all other respects, the Court finds the values to be as per Mr. Asper's appraisal.

Using those values, the property through priority item No. 9 is valued at $4,875.00. This would leave the Debtors $125.00 of their $5,000.00 total exemptions. Thus, in order to protect the full amount of their exemptions, the Debtors may redeem priority item No. 10 by paying the Bank $675.00. It is, therefore,

ORDERED that the lien of the Bank is voided under 11 U.S.C. § 522(f) as to the property listed as priority item Nos. 1 through 9, *supra*, and that the Debtors may redeem priority item No. 10, *supra*, by paying to the Bank the sum of $675.00.

FURTHER ORDERED that the Bank is granted relief from the automatic stay provided for by 11 U.S.C. § 362 in order to exercise its remedies against all of its collateral except as to those items whereon its lien has been voided, *supra*.