**In re John Oscar SPYKSTRA and Carol Jean Spykstra, Debtors.**

**Bankruptcy No. 88 B 01781 J.**

United States Bankruptcy Court, D. Colorado.

June 8, 1988.

---

Karen Shaefer Buck, Denver, Colo., for debtors.

Robert K. Reimann, The Law Offices of Wyn T. Taylor, Golden, Colo., for creditor Wyn T. Taylor.

Jon Nicholls, trustee, Denver, Colo., pro se.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Objection to Claim of Exemption filed by the Creditor Wyn T. Taylor. The objection is threefold:

1. The value of the household goods claimed exempt by Debtors exceeds the exemption amount.

2. The motor vehicle claimed exempt by Debtors exceed the amount of the exemption.

3. The equipment which Debtors claim as exempt as being used in his summertime business exceeds in value the amount of the allowable exemption.

The Debtors have claimed as exempt the following:

1. Household Goods—$1,430.00 per § 13–54–102(1)(e), C.R.S.

2. Automobiles—$2,000.00 per § 13–54–102(1)(j)(I), C.R.S.

3. Tools used in business—$1,350.00 per § 13–54–102(1)(i), C.R.S.

### Household Goods

There was no evidence presented as to the value of the Debtors' household goods except as listed in the Debtors' Schedule B–2, or $1,430.00. Under § 13–54–102(1)(e), C.R.S., Debtors are entitled to exempt household goods to the extent of $1,500.00 in value. Therefore, the entire value is exempt and the objection by Creditor is denied as to this property.

### Automobiles

Debtors have claimed as exempt the value of $1,000.00 in each of two automobiles under § 13–54–102(1)(j)(I), C.R.S., which reads as follows:

(1) The following property is exempt from levy and sale under writ of attachment or writ of execution....

(j)(I) One or more motor vehicles kept and used by any debtor for the purpose of carrying on any gainful occupation in the aggregate value of one thousand dollars; ...

A husband and wife filing a joint petition in bankruptcy are each entitled to claim the appropriate exemption. *In re Alvarez*, 14 B.R. 940 (Bankr.Colo.1981). Thus, the Debtors here both claim the $1,000.00 exemption.

The two vehicles in question are a 1978 Oldsmobile '98 and a 1984 Camaro Z–28. The only evidence of value for the Oldsmobile was from Mr. Spykstra who testified that, at most, it was worth $500.00. That

value is well below the exemption amount and there is no lien on the vehicle.

The value of the Camaro was in dispute. Mr. Spykstra testified it was worth $6,325.00. Mr. Dickensheet, an expert witness for the Creditor, testified that the value was $5,925.00. The Court accepts the admission of the Debtor, Mr. Spykstra, that the value is $6,325.00.

Under § 13–54–101(5), C.R.S., and *In re Holcomb*, 54 B.R. 59 (Bankr.Colo. 1985), it is mandated that any exemption applies only to the Debtors' equity. Mr. Spykstra testified that the Camaro is mortgaged to his credit union in the sum of approximately $5,500.00. However, on the Debtors' Schedule A–2 filed February 16, 1988, they list the credit union lien at $3,345.88. The Court finds that the lien is $3,345.88. That leaves an equity of $2,979.12. Applying the $1,000.00 exemption to this vehicle, there remains the value of $1,979.12 which is non-exempt.

Creditor asserts that under *Johnston v. Barney*, 842 F.2d 1221 (10th Cir. 1988), neither of these vehicles are exempt because they are not "kept and used by any debtor for the purpose of carrying on any gainful occupation."

In the *Johnston* case, *supra,* the Court was concerned with the Wyoming exemption statute which reads as follows:

The tools, a motor vehicle, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding two thousand dollars ($2,000.00) ... are exempt ... Wyo.Stat. (§ 1–20–106(b)) (1913).

Under that statute, the 10th Circuit Court of Appeals held that a motor vehicle needed by the Debtor in order to commute to his work place, but which was not used directly in any employment duties, was not entitled to the exemption.

Unfortunately, the cases cited by the Court in *Johnston, supra,* for the proposition that *exemptions were denied* for motor vehicles used solely for transportation to and from work under "trade or busi-

ness" laws concerned *only* whether the liens on the motor vehicles could be avoided under 11 U.S.C. § 522(f)(2)(B) as "implements, professional books, or tools, of the trade of the debtor" and were not concerned with whether the debtor was entitled to an exemption. *In re Horton*, 76 B.R. 166 (Bankr.Mont.1987) (vehicle not tool of the trade, but was exempt under separate Montana statute); *In re Weiss*, 51 B.R. 224 (Bankr.Colo.1985) (vehicle not a tool of the trade, but was exempt under separate Colorado statute); *In re Rice*, 35 B.R. 431 (Bankr.Kan.1982) (vehicle not a tool of the trade, but was exempt under separate Kansas statute); *In re Maricle*, 25 B.R. 36 (Bankr.N.D.Tex.1982) (vehicle not a tool of the trade under 11 U.S.C. § 522(d)(6) and § 522(f)(2)(B)); *In re Parker*, 40 B.R. 490 (Bankr.N.D.Ala.1984) (vehicle not a tool of the trade under 11 U.S.C. § 522(f)(2)(B)); *In re Damron*, 5 B.R. 357 (Bankr.W.D.Ky.1980) (vehicle not tool of the trade under 11 U.S.C. § 522(f)(2)(B)); *In re Meyers*, 2 B.R. 603 (Bankr.E.D.Mich. 1980) (vehicle not a tool of the trade under 11 U. S. C. § 522(d)(6) and § 522(f)). The two exceptions are the cases of *In re Langley*, 21 B.R. 772 (Bankr.Me.1982) where an exemption was denied for a motor vehicle under Maine's statute as not being a tool of the trade; and *Thorpe Elec. Supply, Inc. v. Deitz*, 104 Misc.2d 994, 429 N.Y.S.2d 386 (N.Y.Co.Ct.1980) where an exemption was denied for a motor vehicle under New York's statute as not being a necessary working tool.

This distinction is important because 11 U.S.C. § 522(f)(2)(B) concerns "tools of the trade" and does not specifically mention motor vehicles. Yet the Wyoming statute in the *Johnston* case, *supra*, specifically lists a motor vehicle and tool of the trade. The vast majority of the cases relied on by the *Johnston* Court were concerned only with whether a motor vehicle could be classified as a "tool of the trade", not whether a motor vehicle, being specifically listed in addition to tools of the trade, had to have some unique use other than as transportation to and from work. With all due respect, this Court believes the *Johnston* Court has misplaced its reliance on the

many cases its cites as authority for its conclusion.

Nevertheless, Colorado statutes are different than Wyoming statutes. Colorado has a "tool of the trade" type statute in § 13–54–102(1)(i), C.R.S. which states the exemption as follows:

> The stock in trade, supplies, fixtures, maps, machines, tools, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of fifteen hundred dollars; ...

Separately, in § 13–54–102(1)(j)(I), C.R.S., quoted *supra*, Colorado has provided for any automobile exemption in the amount of $1,000.00. By providing for motor vehicles in a separate subsection and specifying a different exemption amount, Colorado obviously meant that automobiles were to be treated differently than "tools of the trade". Thus, this Court does not consider as valid precedents those cases which hold that motor vehicles are not "tools of the trade". In fact, in the *Weiss* case, *supra*, cited by the *Johnston* Court, this Bankruptcy Court has held that a vehicle used solely for transportation to and from work is not a "tool of the trade" under 11 U.S.C. § 522(f). That ruling stands. But here the question is whether a vehicle used solely for transportation to and from work is "kept and used by any debtor for the purpose of carrying on any gainful occupation".

The exemption laws of the state are for the benefit of its residents, and they are to be liberally construed. *Sandberg v. Borstadt*, 48 Colo. 96, 109 P. 419 (1910); *Penrose v. Stevens*, 100 Colo. 83, 65 P.2d 697 (1937). The language of the instant statute is sufficiently broad to include motor vehicles used by a debtor as transportation to and from a place of employment, and this Court so holds.

■ The testimony indicated that the Oldsmobile was used by Mr. Spykstra to get to his job as a fireman and that the Camaro was used by Mrs. Spykstra to commute to her job as an aerobics instructor.

**660**

Thus, both automobiles qualify for the exemption under § 13–54–102(1)(j)(I).

### Tools Used in Business

 At issue here are several pieces of lawn mowing and maintenance equipment used by Mr. Spykstra in a part-time business. Mr. Spykstra testified that the equipment had the following values with a claimed exemption of $1,350.00.

| | |
|---|---|
| Aerator | $ 300.00 |
| Power Rake | 150.00 |
| Rototiller | 250.00 |
| Lawn Mower | 100.00 |
| Snow Blower | 300.00 |
| Weedeater Trimmer | 25.00 |
| Hand Trimmer | 5.00 |
| Hand Rake | 1.00 |
| Trailer | 500.00 |
| TOTAL: | $1,631.00 |

 Creditor's expert testified that, with the exclusion of the hand trimmer and hand rake, the value of these items was $2,270.00. However, this witness had not viewed or inspected the equipment and, therefore, the Court disregards his testimony on this issue and finds the values are as testified to by Mr. Spykstra. However, the Court finds that the snow blower is not used and kept for the purpose of carrying on the lawn maintenance occupation, and is not covered by the exemption. That would leave a value of $1,331.00 which is completely covered by the $1,350.00 claimed exemption in § 13–54–102(1)(i). It is, therefore,

ORDERED as follows:

1. The Debtors' claim of exemption for household goods in the sum of $1,430.00 under § 13–54–102(1)(e), C.R.S., is allowed.

2. The Debtors' claim of exemption in the sum of $1,000.00 for each of two automobiles under § 13–54–102(1)(j)(I), C.R.S., is allowed; the Oldsmobile being completely exempt and the Camaro being exempt for $1,000.00 with a remaining equity of $1,979.12 being non-exempt.

3. The Debtors' claim of exemption in the sum of $1,350.00 for the lawn maintenance equipment under § 13–54–102(1)(i),

C.R.S. is allowed. The snow blower is not exempt.