**In re Deborah Ilene Flanagan COLEMAN, SS # 462–78–8504, Debtor.**

**Bankruptcy No. 97–11110–SBB.**

United States Bankruptcy Court, D. Colorado.

June 13, 1997.

---

L.B. Schwartz, Englewood, CO, for Debtor.

Elizabeth Flaagan, Denver, CO, for Standing Chapter 13 Trustee.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Objection to Claim of Exempt Property filed by the Standing Chapter 13 Trustee on April 21, 1997, and the Response thereto filed by the Debtor on April 28, 1997. The Court having reviewed the file and being advised in the premises, conducted a law and motion hearing on May 21, 1997 at which time the Court accepted offers of proof with regard to the facts presented and heard legal argument of counsel.

The central issue before this Court is whether the Debtor may claim a $4,000 statutory exemption in her automobile; $1,000 as the standard, wage earner exemption, plus $3,000 as the "elderly or disabled" special exemption. This appears to be a question of first impression in this District.

The Court makes the following findings of fact and conclusions of law and enters the following order.

### Factual Background

The Debtor filed a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code on January 29, 1997. At the same time, the Debtor filed her Statements and Schedules, including Schedule C—Property Claimed as Exempt. On her Schedule C, the Debtor claimed a $4,000 exemption in a 1992 Dodge Caravan which she valued at $9,850.00. The basis for the claim of exemption was stated as follows: "13–54–102(1)(j) Disability exempt. $3000 Regular exempt. $1000".

On her Schedule I, the Debtor listed a 17 year old son, Christopher, and a 9 year old daughter, Brittany, as dependents.

The Standing Chapter 13 Trustee filed the instant Objection, stating that the Debtor was limited to a $1,000 exemption in the vehicle. In response, the Debtor set forth that she was entitled to both (a) the standard wage-earner $1,000 exemption, and (b) the $3,000 "disability exemption as the vehicle [is] used to take Debtor's disabled child for treatment."

At the May 21, 1997 law and motion hearing on the issue, the following additional evidence was accepted, by stipulation, in the form of offers of proof: a.

a. The Debtor is a single parent who uses the subject vehicle (i) as transportation to and from her place of employment, which is her sole source of income (other than child support), and (ii) to transport her son for medical treatment.

b. The son is a 17 year old diagnosed manic-depressive, under the care of both a physician and a clinical psychologist. He attends school full time, in a special education program.

c. The son drives an older but operative vehicle to and from school, however, the Debtor does not "trust" the son's vehicle to transport him for medical treatment, so she drives him herself in the subject

vehicle. (It is unclear to this Court who actually owns the vehicle driven by the son.)

The Debtor claims both statutory automobile exemptions: (a) the standard $1,000 exemption (COLO.REV.STAT. § 13–54–102(1)(j)(1) (1996)), plus (b) the $3,000 special exemption for the "elderly" or "disabled", based upon her son's psychological condition (COLO.REV.STAT. § 13–54–102(1)(j)(11) (1996)).

Debtor's counsel maintains that the automobile exemption statute was amended to refer to the medical treatment of a dependent sometime in the 1980's and that the Colorado Legislature simply failed to revise the statute to adequately reflect its purpose in amending it, leaving the statute, in the eyes of Debtor's counsel, "internally inconsistent."

The Trustee objects to the claimed exemption on several grounds. First, the Trustee maintains that the exemption may be claimed only by an elderly or disabled debtor, which the Debtor herein is, admittedly, not. Second, even if the statute was found to be applicable, the Trustee maintains that the son does not fit within the statute's own definition of a "disabled person," inasmuch as the son does not appear to be precluded by his condition from gainful employment. Finally, the Trustee objects to the "stacking" of exemptions, or the applicability of two exemptions in the same item of personal property, here, the single vehicle. In other words, it is the Trustee's opinion that a qualified, disabled debtor may only claim the special $3,000 exemption, and may not also claim the "standard" $1,000 wage-earner exemption.

█ Pursuant to Rule 4003(c), Fed. R.Bankr.P., the Trustee bears the burden of proof on her objection to the claimed exemption. The Debtor maintains that the Trustee has failed·to meet that burden.

### The Statute

**Property Exempt.** (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

\* \* \*

(j) (I) One motor vehicle kept and used by any debtor for the purpose of carrying on any gainful occupation in the aggregate value of one thousand dollars;

(II) (A) One motor vehicle kept and used by any elderly or disabled debtor for the purpose of obtaining medical care for himself or his elderly or disabled dependent. The value of the vehicle shall not exceed three thousand dollars.

(B) For the purpose of this subsection (II): "Disabled person" means any person who has a physical or mental impairment which is disabling and which, because of other factors such as age, training, experience, and social setting, substantially precludes the person having such impairment from engaging in a useful occupation as a homemaker or as a wage earner in any employment which exists in the community for which he has competence; and "elderly person" means any person who is sixty-five years of age or older.

COLO. REV. STAT. § 13–54–102 (1996).

### Discussion

This Court agrees with counsel for both the Trustee and the Debtor that there are no reported decisions addressing this portion of the Colorado statute. A review of other state's exemption statutes reveals that only a handful of states grant a higher exemption in vehicles belonging to disabled persons.[1] Each of these other statutes is so unique that they provide little guidance to this Court in analyzing the Colorado statute.

█ Consequently, this Court must examine the language of the statute itself, which also includes interpretation of certain rather poorly-defined terms. Initially, this Court notes that subsection (A) reads "[o]ne motor vehicle **kept and used by** an elderly or **disabled debtor** for the purpose of obtaining medical care for himself or his elderly or disabled dependent." (emphasis added).

1. *See*, ARIZ. REV. STAT. § 33–1125(8) (1996); KAN. STAT. ANN. § 60–2304(c) (1995); MINN.STAT. § 550.37(12a)(1996); NEV.REV.STAT. § 21.090(1)(o)(1995). *See, also,* N.Y. C.P.L.R. 5205(h)(McKinney 1996); *Manufacturers Traders Trust Co. v. Pope,* 124 Misc.2d 681, 682, 477 N.Y.S.2d 287, 288 (1984).

This appears to expressly limit the application of this portion of the statute to **debtors** who are, themselves, elderly or disabled. It appears that an elderly or **disabled debtor** can also use such a vehicle to obtain medical care for an elderly or **disabled dependent**, however, the statute does **not** read "one motor vehicle kept and used by a debtor for the purpose of obtaining medical care for a disabled dependent." Whether this is, as maintained by counsel for the Debtor, merely legislative oversight is not dispositive. The statute says what it says and, upon a close reading, it does not apply in these circumstances.[2]

Furthermore, the statute specifically defines "disabled person" to mean "any person who has a physical or **mental impairment** which is **disabling and** which, because of other factors such as age, training, experience, and social setting, **substantially precludes the person having such impairment from engaging in a useful occupation** as a homemaker or as a wage earner in any employment which exists in the community for which he has competence." (emphasis added). It is troubling to this Court that the Colorado Legislature chose to define a "disabled person" by using the undefined terms "impairment" and "disabling". It appears to be a somewhat standard practice, however, inasmuch as there appears to be great disparity in similar definitions elsewhere in the Colorado statutes.[3]

This Court is not convinced that the Debtor's son's mental condition is "disabling,"

---

2. Counsel's argument is neither unreasonable nor illogical, but that does not change the language of the statute or its clear meaning. Perhaps the Colorado Legislature will choose to clarify and resolve this issue.

3. *See, e.g.,* COLO. REV. STAT. § 8–41–301(2)(a) (1996) (workers' compensation)(" **'mental impairment'** means a disability arising from an accidental injury arising our of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances.")(emphasis added); COLO. REV. STAT. § 16–8–102(2.7)(a) (1996) (criminal insanity)(" **'impaired mental condition'** means a condition of mind, caused by mental disease or defect that prevents the person from forming the culpable mental state that is an essential element of any crime charged.")(emphasis added); COLO. REV. STAT. § 24–34–301(2.5)(b)(III) (1996) (Colorado Civil Rights Commission) (" **'mental impairment'** ... shall mean any mental or psychological disorder such as developmental disability, organic brain syndrome, mental illness, or specific learning disabilities.")(emphasis added)(also adopted by the criminal code, COLO. REV. STAT. § 18–6.5–102(3)(f) (1996)). *See, also,* COLO. REV. STAT § 16–1–104(8) (1996) (criminal proceedings)(" **'person with a disability'** means a person who is disabled because of the loss of or permanent loss of use of a hand or foot or because of blindness or the permanent impairment of vision in both eyes to such a degree as to constitute virtual blindness.")(emphasis added); COLO. REV. STAT. § 24–30–1201(4) (1996) (government services for persons with severe disabilities)(" **'severe disability'** means one or more physical or mental disabilities which constitute a substantial impairment to employment and which are of such nature as to require multiple vocational rehabilitation services over an extended period of time.")(emphasis added); COLO. REV. STAT. § 24–34–301(2.5)(a) (1996) (Colorado Civil Rights Commission) (" **'Disability'** means a physical impairment which substantially limits one or more of a person's major life activities and includes a record of such an impairment and being regarded as having such an impairment.")(emphasis added); COLO. REV. STAT. § 24–51–101(16) (1996) (public employees' retirement) ("**Disability'** means mental or physical incapacitation from performance of regularly assigned employment duties.")(emphasis added); § 26–4–902(3) (1996) (Colorado Medical Assistance Act)(" **'Person with a disability'** means a person who meets the definition of disability set forth in title 1 of the federal 'Americans With Disabilities Act of 1990' ")(emphasis added); COLO. REV. STAT. § 27–10–102(5)(a) (1996) (mental institutions)(" **'gravely disabled'** means a condition in which a person, as a result of mental illness: (I) It is in danger of serious physical harm due to his inability or failure to provide himself the essential human needs of food, clothing, shelter, and medical care; or (II) Lacks judgment in the management of his resources and in the conduct of his social relations to the extent that his health or safety is significantly endangered and lacks the capacity to understand that this is so.")(emphasis added); COLO REV. STAT. § 39–3–112(1)(a) (1996) (property tax)(" **'Disabled'** means that an individual is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted for a continuous period of not less than twelve months.")(emphasis added); COLO. REV. STAT. § 39–22–113(2) (1996) (income tax)(" **'disability'** means a physical impairment which substantially limits one or more of a person's major life activities.")(emphasis added); COLO. REV. STAT. § 42–3–121(1) (1996) (vehicle registration)(" **'person with a disability'** means a person so severely impaired that such

particularly in light of the varying definitions of disability elsewhere in the Colorado statutes which appear to require a more permanent or debilitating condition.

More material to the present circumstance, however, is the necessary condition, stated in the conjunctive, that the "disabled person" must be substantially precluded **by the disability** from working in any field for which he has competence. There has been absolutely no evidence, or offer of proof, of any inability of the son to maintain gainful employment. The son is currently in school and functioning in the programs established there for him. Moreover, he customarily drives himself to and from school. It appears that the only thing currently precluding gainful employment for the Debtor's son is his school attendance, not his mental condition.

It is axiomatic that the exemption statutes must be interpreted liberally. Colorado Constitution, Article XVIII, Section 1. *See, generally, In re Case,* 66 B.R. 44, 44–45 (Bankr. D.Colo.1986). However, there is no requirement that this Court read out of the statute the Legislature's "purpose" in choosing and ordering the particular words that are utilized in a statute. *See, Case, supra* at 45 ("even though this exemption is to be construed liberally, the Court cannot ignore the unique language used by the General Assembly"). Simply put, a logical reading of the statute does not appear to encompass the situation herein presented—an able debtor with an arguably disabled dependent.

This Court concludes that allowing this particular Debtor's exemption as claimed would abuse the benevolent purpose of the disability provisions of the Colorado exemption statute. Clearly, the Debtor's son may have some problems that require psychological treatment, however, he functions well enough to drive his own car, functions adequately in school, and probably could hold down a normal teenager-type job. The son does not appear to be precluded by his condition from "one or more of a person's major life activities." [4] He also does not appear to fall within the bounds of the Americans with Disabilities Act.[5]

In view of this Court's conclusions herein, the Trustee's final argument regarding the "stacking" of exemptions is not reached nor need it be decided.[6]

**Conclusion**

This Court finds that the Debtor does not fit within the Colorado elderly/handicapped vehicle exemption statute. The Debtor is not, herself, either elderly or disabled. Moreover, this Court finds that, based upon the facts presented, the Debtor's son does not fit within the statute's own definition of a "disabled person." Accordingly, it is

ORDERED that the Trustee's Objection to Claim of Exemption filed April 21, 1997 is SUSTAINED and the Debtor's claimed

---

person is unable to move from place to place without the aid of a mechanical device ...")(emphasis added); CoLo. REV. STAT. § 42–7–510(2)(b) (1996) (motor vehicle financial responsibility law)("a 'motor vehicle designed and used for the nonemergency transportation of **individuals with disabilities**' means any motor vehicle designed to facilitate the loading of individuals with physical disabilities confined to a wheelchair .... or privately owned vehicles when such privately owned vehicles are used by the owner to transport the owner or members of the owner's family who are confined to a wheelchair.")(emphasis added).

4. *See,* note 3, *supra.*

5. The term "disability" means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

6. *See, generally, Case, supra* at 45 (Judge Brumbaugh determined that "[t]here is no specific prohibition against claiming both exemptions as the Debtors do here. In addition. the statute itself would indicate that when the General Assembly wanted to prohibit such actions by debtors, it specifically did so. [*See,* CoLo. REV. STAT. § 13–54–102(1)(i) and (k) prohibiting a debtor from claiming two exemptions in the same books.]"). Like the sections at issue before Judge Brumbaugh, § 13–54–102(1)(j) does not specifically provide that a debtor must chose between the application of subsections (I) and (II), there is simply a semicolon, not an "or" between the two subsections. *See, also, Sandberg v. Borstadt,* 48 Colo. 96, 109 P. 419 (1910)(debtor entitled to claim exemptions both as head of household and as one engaged in business).

$3,000 exemption in the 1992 Dodge Caravan based upon a "disability" is disallowed.