**In re David Lee VAN WINKLE,
Debtor.**

**No. 00–24405 DEC.**

United States Bankruptcy Court,
D. Colorado.

May 4, 2001.

Loretta A. Burnett, Colorado Springs, CO, for the Debtor.

M. Stephen Peters, Wheat Ridge, CO, Chapter 7 Trustee, Pro Se.

## ORDER DENYING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

DONALD E. CORDOVA, Bankruptcy Judge.

THIS MATTER comes before the Court on the Chapter 7 Trustee's Objection to the Debtor's Claim of Exemption and the Debtor's Response thereto. The primary issue before the Court is whether Colorado's exemption statute, COLO. REV. STAT. § 13–54–102, precludes a debtor from claiming the "tools of the trade" exemption for motor vehicles, given that the statute includes a separate exemption for "motor vehicles." If not, the Court must then decide the secondary issue of whether the Debtor's commercial truck qualifies for the tools of the trade exemption.

The Court conducted an evidentiary hearing on March 12, 2001 at which the parties presented the testimony of the Debtor, David Lee Van Winkle, as well as their respective legal arguments. After considering the Debtor's testimony and the written and oral arguments submitted by the parties, the Court concludes that Colorado's exemption statute does not preclude a debtor from claiming a motor vehicle as exempt under COLO. REV. STAT. § 13–54–102(1)(i), the tools of the trade exemption provision, so long as the vehicle meets the requirements of that provision. Based on the facts presented in this case, the Court further concludes that the Debtor may claim his commercial truck as exempt under Colorado's tools of the trade exemption provision and, therefore, denies the Chapter 7 Trustee's objection.

### FACTS

The parties do not dispute the relevant facts. The Debtor filed his Chapter 7 petition on December 4, 2000, subsequent to the Colorado General Assembly's enactment of legislation amending several provisions of Colorado's exemption statute.[1] The parties agree that the Debtor is entitled to claim exemptions under COLO. REV. STAT. § 13–54–102 (2000), as amended.

The Debtor claims three vehicles as exempt under two different exemption provisions. Pursuant to COLO. REV. STAT. § 13–54–102(1)(j) (2000) (hereinafter referred to as the "motor vehicle exemption"), the Debtor claims the maximum $3,000.00 exemption for a 1978 Ford Van E250 (valued at $300.00) and a 1989 Dodge pick-up truck (valued at $2,700.00). The Debtor claims a third motor vehicle, a 1984 Kenworth W900 B truck valued at $5,500.00, as exempt pursuant to COLO. REV. STAT. § 13–54–102(1)(i) (2000) (hereinafter referred to as the "tools of the trade exemption"). This provision provides a maximum $10,000.00 exemption for, in general terms, tools and equipment used in a debtor's trade or occupation.

The Debtor's Kenworth truck has three axles, a trailer hook up, and sleeping quarters. The title issued by the Colorado Department of Motor Vehicles designates the truck as a "commercial" vehicle for which the driver must possess a Commercial Driver's License to operate. The

---

1. *See* 2000 Colo. Sess. Laws, Ch. 172, p. 715, effective May 23, 2000.

Debtor has owned the truck since 1996 and the vehicle is titled in his name.

The Debtor testified that he has been a trucker for approximately twenty-seven years. He possesses a Class A Commercial Driver's License and currently hauls bulk cement and produce, depending upon the season. Operating as an independent contractor, the Debtor also contracts to use his Kenworth truck to haul trailers owned by different companies. Most, if not all, of the Debtor's contracts require that the Debtor provide a truck, such as the Debtor's Kenworth truck, that meets minimum safety and capacity requirements.

The Debtor testified that the Kenworth truck is essential to his occupation as a contract truck driver. The Debtor testified that trucking is his only occupation and that it provides his only source of income. Without the Kenworth, the Debtor would be unable to carry on his occupation as the Debtor's other two vehicles are unsuitable substitutes for the unique function the Kenworth truck performs in the Debtor's business. Furthermore, the Debtor testified that he is the sole operator of the Kenworth truck and that it is used only in connection with his business.

### DISCUSSION

Once an exemption is claimed, the party objecting to the claimed exemption has the burden of proving that the exemption is not properly claimed. *See* Fed. R. Bankr.P. 4003(c).

### I. A Debtor is not precluded from claiming a motor vehicle as exempt under Colorado's "tools of the trade" exemption provision.

Colorado has opted out of the exemptions contained in the Bankruptcy Code, *see* COLO. REV. STAT. § 13–54–107 (2000), and established a specific list of exemptions that are available to debtors in Colorado. *See* COLO. REV. STAT. § 13–54–102 (2000). In this case, the pertinent sections of the statute provide as follows:

**Property Exempt.** (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

. . .

(i) The stock in trade, supplies, fixtures, maps, machines, tools, electronics, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of ten thousand dollars;

(j) (I) One or more motor vehicles or bicycles kept and used by any debtor in the aggregate value of three thousand dollars; . . . .

COLO. REV. STAT. §§ 13–54–102(1)(i) and (j) (2000).

The Trustee objects that the Debtor is not entitled to claim the "tools of the trade" exemption for the Kenworth truck as it is a "motor vehicle" and, therefore, limited to the application of the motor vehicle exemption provision. The Trustee maintains that the Colorado General Assembly's inclusion of subsection (j), a separate exemption provision for motor vehicles, precludes a debtor from claiming a motor vehicle as exempt under subsection (i), the tools of the trade exemption provision. Because the tools of the trade exemption is not available to exempt the Debtor's Kenworth truck, and because the Debtor has already exhausted the $3,000.00 motor vehicle exemption on two other vehicles, the Trustee contends that the Debtor's claim of exemption for the Kenworth truck must be denied.

To support his position, the Trustee relies on *In re Boggs*, Case No. 00–15353 CEM (Bankr.D. Colo. Aug 10, 2000), an

unpublished opinion authored by Judge Charles E. Matheson. In *Boggs,* the Court was presented with the question of whether, under Colorado's previous exemption statute, COLO. REV. STAT. §§ 13–54–102(1)(i) and (j) (1999), debtors could claim a vehicle as exempt under *both* the motor vehicle exemption and the tools of the trade exemption, a practice often referred to as "stacking" exemptions. At issue was the debtors' 1991 Ford Explorer which was used both as a family vehicle as well as a delivery vehicle in the debtors' catering business. Judge Matheson ruled that the existence of the motor vehicle exemption within the statutory scheme precluded the debtors from claiming the vehicle as exempt under the tools of the trade exemption. Central to Judge Matheson's decision was the language of the motor vehicle exemption provision, which prior to the 2000 amendment, read as follows:

> (j) (I) On or more motor vehicles kept and used by any debtor *for the purpose of carrying on any gainful occupation* in the aggregate value of one thousand dollars.

COLO. REV. STAT. § 13–54–102(1)(j) (1999) (emphasis added).

Because the motor vehicle exemption provision specifically referenced motor vehicles used for carrying on one's gainful occupation, Judge Matheson determined that the Colorado General Assembly intended for motor vehicles to be exempt only to the extent provided for in § 13–54–102(1)(j)(I), explaining:

> When the two pertinent sections [ (1)(i) and (1)(j) ] are read together, they complement each other in exempting what a debtor may need to continue work. Subsection (i) speaks to the "stock in trade, supplies, fixtures, maps, machines, tools, equipment, books, and business materials of any debtor used and kept *for the purpose of carrying on any gainful occupation.*" Subsection (j) on the other hand speaks to "one or more vehicles kept and used by the debtor *for the purpose of carrying on any gainful occupation.*"

*In re Boggs, supra,* p. 3 (emphasis in original).

Judge Matheson further buttressed his decision with *In re Spykstra,* 86 B.R. 656 (Bankr.D.Colo.1988) and Judge Patricia Clark's unpublished two-page order in *In re Havener,* Case No. 96–25765 PAC (Bankr.D.Colo. February 26, 1997). In *Spykstra,* Judge Brumbaugh observed, in *dicta,* that "by providing for motor vehicles in a separate subsection and specifying a different exemption amount, Colorado obviously meant that automobiles were to be treated differently than tools of the trade." *In re Spykstra,* 86 B.R. at 659. In *Havener,* Judge Clark relied on the *dicta* in *Spykstra* in denying a debtor's attempt to claim an sport utility vehicle as exempt under both the motor vehicle and tools of the trade exemption provisions. *Boggs, Spykstra,* and *Havener* were all premised on Colorado's previous exemption statute, COLO. REV. STAT. § 13–54–102 (1999).

The Debtor contends that Colorado's exemption scheme does not preclude a debtor from claiming a vehicle as exempt under the tools of the trade exemption provided in COLO. REV. STAT. § 13–54–102(1)(i), so long as the motor vehicle actually qualifies for the exemption. The Debtor argues that the Trustee's strict interpretation of the statute conflicts with the purpose of Colorado's exemption provisions, which the Debtor argues is to preserve a debtor's means of support. The Debtor further contends that the Trustee's reliance upon *Boggs, Spykstra,* and *Havener* is misplaced as these cases rely on a superseded law and involve facts inapposite to those presented in this case.

After reviewing the relevant statutory provisions, the applicable case law, and the legal argument presented by the Trustee and the Debtor, the Court agrees with the Debtor that Colorado's exemption statute does not preclude a debtor from claiming a motor vehicle as exempt under the tools of the trade exemption provision. Accordingly, the Court holds that a debtor *may* claim a motor vehicle as exempt pursuant to Colo. Rev. Stat. § 13–54–102(1)(i) (2000) so long as the vehicle qualifies for the exemption.

In making this determination, the Court finds *Boggs, Spykstra,* and *Havener* to be premised on statutory language that has been superseded by the 2000 amendments to the Colorado exemption statute. *Havener* is an unpublished two-page order that rests exclusively, and without discussion, on the authority of *Spykstra. Spykstra's* authority on this issue is itself questionable considering that the *Spykstra* court's assessment that automobiles were "obviously" meant to be treated differently that "tools of the trade" is merely *dicta.* The authority of *Boggs* is undermined by its reliance on *Havener* and *Spykstra,* as well on its dependence on the structure of the superseded exemption statute. *Boggs* turned, in large part, on the fact that the language of the motor vehicle and tools of the trade exemption provisions "complemented" each other such that both provisions required that the property be used "for the purpose of carrying on any gainful occupation." The 2000 amendment of the motor vehicle exemption provision omits this "complementary" language and, as a result, removes the interpretative foundation upon which the *Boggs* decision rests.

The interpretation advanced by the Debtor, on the other hand, draws support from several principles. First, the Debtor's interpretation is consistent with the plain language of the exemption statute and the apparent intent of the Colorado General Assembly. Nothing in the statute establishes a *per se* bar against a debtor claiming a motor vehicle as exempt pursuant to the tools of the trade exemption provision. As noted by Judge Brumbaugh in *In re Case,* 66 B.R. 44, 45 (Bankr. D.Colo.1986), there is no specific prohibition against "stacking" exemptions. *See also In re Larson,* 260 B.R. 174, 191–94 (Bankr.D.Colo.2001) (finding no legislative prohibition against debtors "stacking" exemption afforded by Colo. Rev. Stat. § 13–54–102(1)(i) (2000), the tools of the trade exemption, with the exemption afforded by Colo. Rev. Stat. § 13–54–102(1)(g), an exemption available for property used in agricultural operations). Both *Case* and *Larson* note that when the Colorado General Assembly has endeavored to limit a debtor's access to the various exemption provisions, it has specifically done so. The court in *Case* observed:

> Subsection (1)(i) includes books used by the debtor in any gainful occupation as exempt property. Subsection (1)(k) provides that the library of a professional person is exempt, but subsection (1)(k) specifically declares that a debtor may not claim both exemptions under (1)(i) and (1)(k) for the same books and library.

*In re Case,* 66 B.R. at 45.

Considering that the General Assembly has affirmatively limited a debtor's access to the tools of the trade exemption in at least one other instance, the absence of statutory language clearly barring debtors from claiming a motor vehicle as exempt under the tools of the trade exemption strongly suggests that no such limitation was intended by the General Assembly.

■ The Court is also persuaded that the Debtor's interpretation is correct because it gives full effect to the statute and, as a result, affords its intended beneficia-

ries with the maximum benefit of Colorado's exemption provisions. Accepting the Trustee's interpretation that the motor vehicle exemption is the *only* provision debtors may use to exempt motor vehicles may conflict with other provisions in the statutory scheme that allow debtors, for example, to exempt tractors and trucks used in agricultural operations. *Compare* COLO. REV. STAT. § 13–54–102(1)(g) (establishing exemption for, *inter alia*, tractors and trucks used by a debtor in agricultural occupations) *with* COLO. REV. STAT. § 13–54–102(1)(j) (establishing exemption for motor vehicles). In *Packard v. Packard*, 33 Colo.App. 308, 519 P.2d 1221, 1222 (1974), the Colorado Supreme Court emphasized that "where a statute is unambiguous, the court is not at liberty to carve out an exception to the act's coverage." Here, the statute does not clearly limit the availability of the tools of the trade exemption as the Trustee suggests and, in light of the admonition of *Packard*, this Court is not at liberty to limit the availability of the various exemptions under which a debtor is legitimately entitled to claim.

Additionally, the Debtor's interpretation accommodates the general purpose of exemption laws as well as the long standing policy of construing exemptions liberally in favor of the debtor. *See* Colorado Constitution, Article XVIII, Section 1; *see also Sandberg v. Borstadt*, 109 P. 419, 48 Colo. 96 (1910). As recognized in *Smith v. Pueblo Mercantile & Credit Ass'n*, 82 Colo. 364, 260 P. 109 (1927), the purpose of an exemption is to preserve a debtor's means of support. While the Trustee's *per se* rule would most likely frustrate this purpose, the Debtor's interpretation would likely facilitate the purpose of Colorado's exemption laws by allowing claims of exemption to be reviewed on a case-by-case basis. The flexibility allowed by the Debtor's interpretation is consistent with the bankruptcy objective of providing debtor's

a fresh start with the items they need to carry on their business. As in this case, there will certainly be instances where a specialized motor vehicle functions more like equipment essential to a debtor's occupation than a typical "motor vehicle."

The Debtor's position is also consistent with the manner in which the Colorado Supreme Court has historically interpreted Colorado's exemption provisions. In *Eckman v. Poor*, 38 Colo. 200, 87 P. 1088 (1906), the Colorado Supreme Court held that a debtor could claim an engine and boiler as exempt pursuant to the tools of the trade exemption provision applicable at that time. While recognizing that the debtor's property was not a traditional "tool" or "implement," the Court nevertheless permitted the exemption based upon its interpretation of what qualified as an "implement." The Court noted that "[i]mplements are defined in Anderson's Law Dictionary to be 'Things necessary to any trade, without which the work cannot be performed.'" *Id.* (citation omitted). The Court allowed the exemption on the basis that without the engine and boiler, the debtor could not carry on his business. Similarly, in *Penrose v. Stevens*, 100 Colo. 83, 65 P.2d 697 (1937), the Supreme Court allowed a debtor to claim an exemption for a hauling truck on the basis that it qualified as an "implement" eligible for the tools of the trade exemption. The Court determined that the debtor's truck constituted an exempt "implement" necessary to the debtor's ability to carry on his business. These cases remain authoritative notwithstanding the fact that the present tools of the trade exemption provision no longer lists "implements" as a category of property entitled to the exemption. The "implements" category is subsumed within the definition of "equipment," which is specifically listed among the categories of property eligible for the tools of the trade

exemption. *See* BLACK'S LAW DICTIONARY 558 (7th ed.1999).

## II. Debtor's commercial truck qualifies for Colorado's tools of the trade exemption.

Having determined that Colorado's exemption statute does not preclude debtors from claiming a motor vehicle as exempt under the tools of the trade exemption set forth in COLO. REV. STAT. § 13–54–102(1)(i), the Court must next determine whether the Debtor's truck qualifies for the exemption. Among the categories of property included eligible for the exemption is a debtor's "equipment" used for the purpose of carrying on the debtor's occupation. Although not defined in the statute, Black's Law Dictionary defines "equipment" as "articles or *implements* used for a specific purpose or activity." BLACK'S LAW DICTIONARY 558 (7th ed.1999) (emphasis added). As noted above, the Colorado Supreme Court has previously defined "implements" as being those things necessary to any trade, without which the work cannot be performed. *See Eckman*, 87 P. at 1088.

 Based upon the evidence before the Court, the Court finds that the Debtor's Kenworth truck is "equipment" used and kept by the Debtor for the specific purpose of carrying on his occupation, and, therefore, eligible for the tools of the trade exemption. The Debtor's truck is a commercial vehicle that requires a commercial driver's license to operate. Furthermore, the truck is equipped with sleeping quarters and is specially designed to comply with the safety and capacity regulations that apply to the trucking industry. The Kenworth truck is maintained and used in the Debtor's business and is impractical for any other purpose. The Debtor could not carry on his occupation as a contract truck driver without the Kenworth truck.

Consequently, the Court concludes that the Debtor is entitled to claim the Kenworth truck as exempt equipment pursuant to COLO. REV. STAT. § 13–54–102(1)(i). For the reasons stated herein, it is

ORDERED that the Trustee's Objection to the Debtor's claim of exemption is DENIED.